Schlagenhauf v. Craven.

---

JOHN SCHLAGENHAUF

*v.*

GEORGE H. CRAVEN et al.

[Filed January 10th, 1901.]

If an open creditor's bill be filed by one creditor having a judgment, and the defendants, before any other creditor enters judgment or becomes a party to the suit, satisfy the complainant's claim and costs, and give notice of motion to dismiss the bill, they are entitled to dismiss, although after the giving of such notice other creditors may have entered judgment and been admitted as complainants.

Schlagenhauf *v.* Craven.

On bill, &c.    On motion to dismiss bill.

This is a creditor's bill, filed by the complainant, in "behalf of himself and such other creditors as shall come in and join in this bill and contribute their share of the costs."

It alleges that the defendant Craven, before he got legal title to a certain lot near Haddonfield, in Camden county, caused a costly house to be erected thereon and then obtained title to be conveyed on December 28th, 1899, to his wife and by her to one Cohen, who, the bill alleges, holds the property in trust for the defendant Craven.    The complainant recovered judgment against Craven, which he caused to be docketed on August 23d, 1900, and execution to be issued to the sheriff of Camden county.    He charges that the conveyances above recited were made without consideration, fraudulent and void, because intended to hinder and defeat Craven's creditors.    The bill prays discovery that the defendant may be decreed to pay the complainant's judgment, &c.; that the alleged fraudulent deed may be set aside and declared null; that said lands may be sold clear of the fraudulent deeds, and the proceeds or such part as may be necessary may be applied to the payment of the complainant's judgment and that the complainant may have further relief.

The only defendants are Craven and his wife and Cohen.

The bill was filed August 30th, 1900.    On September 1st, 1900, the sheriff was paid the full amount due on the complainant's judgment, execution and costs; the execution was returned satisfied, and the judgment was canceled of record. On the 4th day of the same month tender of the costs in this suit, as taxed by the clerk, was made to the complainant's solicitor notifying him that the judgment of the complainant had been satisfied, which tender the complainant's solicitor did not accept.    On the 5th day of September the complainant's solicitor was notified of an application to be made to the chancellor on the 11th of that month by defendants to dismiss the complainant's bill on payment of taxed costs because the complainant's claim had been fully satisfied.

On September 7th, 1900, after the complainant's judgment

Schlagenhauf *v.* Craven.

had been fully paid and satisfied of record, and tender made to his solicitor of payment in full of his costs in this cause, the complainant's solicitor filed several petitions of other creditors of the defendant Craven, asking that they might be admitted as parties complainant in this cause. These applications were purely *ex parte,* no notice of any kind having been given to the defendants. Nothing in the petitions disclosed to the court that, before the time when the petitions were filed, the whole claim of the original complainant had been fully satisfied, his judgment canceled of record and his costs tendered.

On these *ex parte* petitions, orders were made admitting the petitioners as complainants in this cause, the solicitor of complainant endorsing on the orders his consent thereto.

When the defendants' solicitor, pursuant to his notice, moved, on September 11th, that the original complainant's bill be dismissed because his claims had been satisfied and costs tendered, he was opposed by the solicitor of the complainant, on the ground that new complainants, whose claims were wholly unsatisfied, were now parties to the bill, and that the bill must be retained for their benefit.

*Mr. George H. Peirce,* for the complainant.

*Mr. George A. Vroom,* for the defendants.

GREY, V. C.

There can be no question that the defendants, when they paid the original complainant's claim and tendered his costs to his solicitor, were, at that time, entitled to have the bill of complaint dismissed. The satisfaction of the complainant's claim left nothing in this court in this cause upon which, under any circumstances, there could be any further litigation. Nothing remained to be done but to make an order dismissing the cause, which was a mere formal recognition of the fact that this suit had ended. The defendants gave notice of an application to the court for such an order formally dismissing the bill. They were then entitled to such an order. Afterwards, new parties applied, without notice to defendants, to be admitted as com-

Schlagenhauf *v.* Craven.

plaintants, and without disclosure to the court of the fact that the defendants, by paying the claim of the original complainant, had theretofore settled the cause. The question presented by the defendants' notice to dismiss the bill is, were they entitled to an order of dismissal at the time they gave the notice? Equity looks upon that as done which of right ought to have been done. In analogy to this maxim, the defendants, having been entitled to the order of dismissal when they gave notice of their motion for it, ought not to be defeated of their right by the subsequent *ex parte* action of strangers to the suit. For though the bill of complaint is an open bill, for all creditors who should join in the suit and agree to pay expenses, the new complainants had not, when the original complainant's claim was satisfied and notice given of application to dismiss the bill, established their rights as creditors by recovering any judgment against the defendant Craven. To allow them the status of complainants in a cause which had, in fact, been settled before they had any judgment, might work great injustice. The defendants may have conveyed the lands for consideration without notice. They may have obtained the money to satisfy the complainant's claim by an assurance, true at the time, that no other judgments were then asserted against them, and that they could lawfully convey or mortgage the lands in dispute to secure advances.

It is difficult to determine what status the new complainants can secure in a bill of complaint in which there is neither allegation of their claims, nor even mention of their names. Their own petitions show that, when the bill was filed, they had no judgments, and could not then have been parties, and therefore cannot be held to have been within the class for whom the bill was held open, unless it be accepted that creditors, whose claims have not been established by judgments or some other lien, may come into this court as complainants. The contrary has been the rule of this court. The court of appeals, in *Haston* v. *Castner, 4 Stew. Eq. 698,* declared that it could not be denied that the creditor must first have established his claim. Chancellor Runyon, in *Haggerty* v. *Nixon, 11 C. E. Gr. 42,* refused relief to

such a general creditor when joined with a judgment creditor as complainant.

The defendant is entitled, upon payment of the taxed costs of the complainant into court, to have an order dismissing the bill of complaint. The defendant is allowed the costs of his motion.