RITCHIE et al. v. BURKE et al.

(Circuit Court, N. D. Ohio, E. D.    May 29, 1901.)

No. 6,117.

1. EQUITY—BILL TO VACATE DECREE FOR FRAUD—LEAVE TO FILE.
   An original bill, in the nature of a bill of review, to set aside for fraud a decree entered on a mandate from the circuit court of appeals, may be filed without first obtaining leave of such court.

2. JUDGMENT—EFFECT AS ADJUDICATION—PERSONS CONCLUDED.
   A decree determining that a judgment in favor of the plaintiff against the defendant in the suit had been fully satisfied and discharged by reason of the dealings of the plaintiff with collateral securities cannot be given effect by another court as an adjudication as against parties before it who were not parties to the suit in which such decree was entered, but can only be considered as an authority upon the questions decided.

3. FEDERAL COURTS—LOSS OF JURISDICTION.
   A federal court, in a suit in equity between citizens of different states, based on a judgment at law in favor of the complainant and against one of the defendants, is not ousted of its jurisdiction to proceed and determine issues joined therein between co-defendants by the fact that such judgment is discharged after the commencement of the suit, although it would not have had jurisdiction of an original suit between such co-defendants, because they are citizens of the same state.

4. PLEDGES—CONVERSION BY PLEDGEE—REGISTRATION OF BONDS.
   A pledgee of railroad bonds payable to bearer does not convert such bonds by causing them to be registered in his own name, so that they are thereafter payable only to him or his order, but such action is proper for the protection both of himself and the pledgor.[1]

In Equity.    On demurrers to bill.

W. S. Kerruish and C. H. Howland, for plaintiffs.

Squire, Sanders & Dempsey, Stevenson Burke, and A. C. Voris, for defendants.

WING, District Judge. A bill has been filed by the complainants, Samuel J. Ritchie and Sophronia J. Ritchie, against Stevenson Burke and others, to set aside a decree entered on the records of this court in a cause wherein James B. McMullen and George W. McMullen were complainants, and all the parties defendant in this cause, natural and artificial, excepting William McFarlin, John B. Wright, and Charles Baird, were defendants, and also the complainants herein, Samuel J. Ritchie and Sophronia J. Ritchie. One Thomas W. Cornell was also a defendant in that cause, but, he being now deceased, and William McFarlin, John B. Wright, and Charles Baird being the executors of his last will and testament,

---

[1] Rights and liabilities of pledgees of corporate stock, see note to Frater v. Bank, 42 C. C. A. 135.

they are made parties defendant in the present cause in their representative capacity. It appears from the bill now under consideration that the decree which is sought to be set aside was based upon a judgment obtained in this court in 1890, in a suit at law brought by the McMullens against Ritchie (41 Fed. 502, 8 L. R. A. 268), which judgment was based upon another and prior judgment rendered by the high court of justice of the province of Ontario in an action between the same parties; that the McMullens held certain bonds of the Central Ontario Railway Company, and other collateral, as security for the payment of such judgment; that they (the McMullens) commenced suit in this court to foreclose the equity of redemption of the Ritchies in the securities thus held; that in such suit were joined Stevenson Burke, Henry B. Payne, and Thomas W. Cornell, who also had claims against Ritchie, and held similar collateral as security. In the final decree rendered, a sale was ordered of all these securities so held by the complainants and the defendants Burke, Payne, and Cornell, which was made as ordered, and the securities bid in by those who held them as collateral. The complainants in this bill allege that the defendants herein were guilty of fraud in and about the procuring of the rendition of the decree sought to be set aside, in this: that in 1894 the McMullens converted to their own use the bonds of the Central Ontario Railway, which they held as collateral security, by presenting them to the secretary of said railway company, and, by virtue of the conditions contained in said bonds, procuring such bonds to be registered in their own names without any notice to Ritchie; that by virtue of such conversion the debt and judgment against the Ritchies in favor of the McMullens was fully paid, extinguished, and satisfied; that, in like manner, Henry B. Payne and Stevenson Burke, who were defendants in said cause, had registered their bonds without notice to Ritchie, and while they were actively engaged in this court in trying to secure a judgment and decree against the complainants herein; that the par value of said bonds was in each instance a greater amount than the debt for which they were held as collateral security; that these facts with respect to the registration of bonds were kept secret by the McMullens and by Payne and Burke, both from the Ritchies and from this court, and a decree obtained in favor of the McMullens and of the defendants Payne and Burke, notwithstanding what had been done in and about the registration of the bonds; that the decree sought to be set aside was entered in 1897, some three years after the registration of the bonds complained of, and under its provisions all of said securities, including bonds, stocks, and coupons, were sold or attempted to be sold on the 6th day of November, 1897, and said sale was subsequently confirmed by the court, and in the order of confirmation certain findings were made as to the balance due said Payne and Burke upon their pretended claims, and the execution and process of the court was awarded to said parties. It is further said that the McMullens, after they had registered the bonds, pledged the same, together with certain detached coupons of such bonds, to secure their own private debts. With respect to the defendant

Thomas W. Cornell it is stated in the bill that, while neither he nor his executors converted any of said bonds, "they were parties to said fraud, and received and enjoyed the benefit of the fraud and deception practiced by their said co-defendants." It is further stated that, because the judgment in favor of the McMullens, which was set forth in their bill in the cause in which the decree complained of was rendered, was fully paid and discharged in 1894, and after the filing of the bill, this court lost jurisdiction of the cause, for the reason that the jurisdiction of the court depended upon the fact pleaded,—that the McMullens were citizens of the state of Illinois. The prayer of the bill is to vacate, set aside, and declare null and void the said order, decree, and judgment of this court, so as aforesaid rendered, for the reasons: First. Because this court ceased to have any jurisdiction over the subject-matter of said action and proceedings on the 15th of May, 1894, when said McMullens registered said bonds, and converted the same, together with said coupons, to their own use. Second. Because said decree and judgment were rendered in favor of the said Henry B. Payne and Stevenson Burke, when said parties had by their own act converted all of said bonds and coupons to their own use, and by their said act fully and forever discharged and canceled the claims, of every kind and nature, which they held against said S. J. Ritchie on said dates in 1894. Third. Because all of said parties hereinbefore named are guilty of having knowingly, purposely, and corruptly practiced a fraud upon these complainants and upon this court by their doings in and about the registration of the bonds, and keeping that fact secret from the Ritchies, or either of them, and the court.

Demurrers have been filed by Stevenson Burke, by C. W. Bingham, administrator of the estate of Henry B. Payne, and by John B. Wright and Charles Baird, as executors of the estate of Thomas W. Cornell. In support of these demurrers it is urged, first, that this is a bill of review, and, the decree complained of having been entered in accordance with the mandate of the circuit court of appeals of this circuit, that it is necessary and essential that leave should have been obtained from the circuit court of appeals to file the bill, and that, because it does not appear by the bill that such leave has been obtained, it is insufficient. If this were a bill of review, the position of the defendants in this regard would undoubtedly be correct; but this is a bill which seeks to set aside the decree complained of, for fraud, and is an original bill in the nature of a bill of review, and no leave is required for its filing. Mitf. & T. Eq. Pl. & Prac. p. 190; Story, Eq. Pl. § 426; Daniell, Ch. Pl. & Prac. p. 1584; Ex parte Smith, 34 Ala. 455.

I then come to the consideration of the sufficiency of the bill. Its theory is that a holder of bonds as collateral security converts them to his own use, and is chargeable, as upon conversion, with their value, by procuring them to be registered in his own name. There is pleaded in the bill a finding of the high court of justice, queen's bench division, on the 24th day of September, 1900, in an action in which James B. McMullen and George W. McMullen and

Samuel J. Ritchie were parties, to the effect that the judgment of the McMullens against Ritchie was satisfied on or before the 15th day of May, 1894, by reason of the dealings of the plaintiffs with the bonds in question. The entry or decision or decree of the court is further quoted as follows:

"And this court doth declare that on or before said 15th day of May, 1894, the plaintiffs, by reason of their dealings with the bonds in question in this action, released and discharged the defendant from all further liability upon the judgment recovered by them against the said defendant in said action on the 29th day of February, 1888, and the said judgment thereupon became and is satisfied."

The complainants further say in their bill that full faith and credit must be given to the judgments of foreign courts, and especially to the courts of Canada, by this court, and that, by virtue of the said finding of the said high court of justice, said Ritchie did not owe the said McMullens anything after said May 15, 1894. The McMullens are not parties to this action. The demurring defendants in this cause were not parties to the judgment pleaded. The action of the Canadian court in 1900 with respect to the McMullens can have no greater effect in this cause than a cited authority. The decree or finding pleaded shows that the court which rendered it found that the McMullens, by reason of their dealings with the bonds in question, released and discharged the defendant Ritchie from all further liability upon the judgment rendered in Canada. What the dealings of the McMullens with the bonds were, which that court took into consideration, is not known, and is not shown by the decree.

Counsel in behalf of the complainants urge that this court lost jurisdiction to hear and determine the issues raised between the defendants Burke, Cornell, and Bingham, administrator of the estate of Payne, and the Ritchies, because the judgment of James B. and George W. McMullen, the complainants, had been satisfied after the commencement of the suit, and before decree, and rely upon the decree of the Canadian court in 1900 as conclusive proof of the fact that the judgment of the McMullens had been satisfied in 1894. Assuming, for the sake of the argument, that the judgment of the McMullens against Ritchie had been fully paid and satisfied in 1894, and that had been found as a fact by this court, it would not thereby have been ousted of its jurisdiction. Jurisdiction depends on the state of things at the beginning of the action, and subsequent events cannot oust it. Mullen v. Torrance, 9 Wheat. 537, 6 L. Ed. 154; Dunn v. Clarke, 8 Pet. 1, 8 L. Ed. 845; Ex parte Kyle (D. C.) 67 Fed. 306; Hardenbergh v. Ray, 151 U. S. 112, 14 Sup. Ct. 305, 38 L. Ed. 93; Salt Co. v. Brigel, 30 C. C. A. 415, 86 Fed. 818. To give effect to the finding or decree or judgment of the Canadian court which is claimed for it by the complainants would be to hold that it is within the jurisdiction and power of the Canadian court, after decree in this court, to set such decree aside by a nunc pro tunc entry. If the payment of the judgment, and its satisfaction on the records of this court, could not have had the effect to oust the court of jurisdiction, surely the decree or finding by the Canadian court, made after the decree

in this court complained of, cannot have that effect. The only effect of the Canadian finding or decree is whatever influence the decision of that court might have when cited as an authority. As stated before, we know nothing of the reasons of the Canadian court for making the finding that the judgment of the McMullens had been satisfied in 1894, except that it is said that the McMullens, "by reason of their dealings with the bonds in question in this action, released and discharged the defendant from all further liability upon the judgment." Whether the action referred to was the registration of the bonds by the McMullens, we do not know. The Canadian decision is therefore not an authority in point.

It is further claimed by counsel for the complainants that because the defendants Stevenson Burke and Henry B. Payne registered their bonds, and thereby converted said bonds and coupons to their own use, all indebtedness of said Ritchie to them, or either of them, was fully discharged, and that, if the court had known of the fact of such registration at the time it was accomplished, the decree complained of herein would never have been rendered. What is meant by "registration" does not fully appear from the bill. It is stated in the bill that the McMullens presented said bonds to the secretary of the railway company, and demanded of its officer that he register the same in the bond register book of said railway company, under and by virtue of the terms and conditions contained in said bonds (said bonds being at that time payable to bearer), and said McMullens did on said date cause all of said bonds to be registered in their own names, and then, by virtue of said registration, became the legal owners and holders of all of said bonds, and then and thereby on said date converted all of said bonds, and the coupons attached thereto, to their own uses and purposes. There is no statement of fact as to what Stevenson Burke and Henry B. Payne did with these bonds, other than the statement that:

"In like manner and form said Henry B. Payne and Stevenson Burke * * * registered all of the said bonds, with coupons attached, of said Samuel J. Ritchie, held by them as collateral security, * * * in said bond register book of said railway company."

It is further alleged, as a conclusion of law, that these doings of the defendants amounted to a conversion. If we knew nothing of what is ordinarily meant by "registration of bonds," we could gather from the allegations of the bill that the defendants named are charged with having taken the bonds, which they held as collateral security, to the secretary of the railway company which issued them, and procured him to enter in some book some kind of a memorandum to the effect that the said defendants were the owners of said bonds. This in itself would not be a conversion. It would not deprive the owner of the bonds of his ownership, or his right to redeem them by paying his debt for which they were held as collateral. The practice of registering bonds is of such common occurrence that the court may take judicial notice of what registration of bonds consists of, and the purpose and effect. Ordinarily the registration consists in having such memoranda made, with respect to a bond payable to bearer, and upon it, at the place of payment, that the bond ceases to

be payable to bearer, and becomes thereafter payable to the person in whose name it is registered, or his order. The purpose of registering a bond is to render it valueless to a thief or other person who may come into possession of it without right. When one who holds bonds payable to bearer as collateral security procures them to be registered, he is only adopting a measure of safety for the benefit both of himself and of his cestui que trust. I think one who has so held bonds and omitted to have them registered would be derelict in his duty as a trustee. The registration of bonds in this customary way is certainly not conversion. If there was a peculiar method pursued by the defendants in their registration of the bonds mentioned in the bill, it does not appear by the bill. It is made the ground of complaint of the bill that the defendants, or part of them, did something which, in my judgment, was not only proper for them to do, and in no wise inconsistent with their duty in their relation to the complainants, but even their duty, as trustees, for the better protection of their cestuis que trustent, and that they concealed their doings from the court. This certainly is not fraud. With respect to the defendants John B. Wright and Charles Baird, executors of the estate of Thomas W. Cornell, deceased, there is nothing claimed, except that they participated in the decree which is sought to be set aside. That is not fraud. The demurrers are sustained.