## BALL v. BANK OF BAY BISCAYNE et al.

No. 865.

District Court, S. D. Florida.
Aug. 13, 1930.

Robert J. Boone, of Miami, Fla., for complainant and interveners.

H. P. Adair, of Knight, Adair, Cooper & Osborne, of Jacksonville, Fla., Fred H. Davis, Atty. Gen., of Florida, and Carl Hoffman, of Miami, Fla., for defendants.

RITTER, District Judge.

This cause comes on for hearing upon the motion to dismiss and an additional motion, each filed by the defendants, and upon a motion to strike said motion to dismiss filed by the complainant. Argument of counsel has been heard by the court, and careful consideration of the questions involved has been given by the court.

The motions presented are predicated upon section 37 of the Judicial Code of the United States (28 USCA § 80), which provides:

"If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

It is asserted that this action "does not really and substantially involve a dispute or controversy properly within the jurisdiction of" this court, for the following reasons, which, for the purpose of this decision, are the only grounds considered:

(g) Because, at the time and prior to the time of the commencement of this suit, the complainant herein had a complete and adequate remedy at law within the meaning of the laws of Congress in such cases made and provided.

(h) Because, at the time of the commencement of this suit, no execution had been issued or applied for upon the said judgment of the complainant.

(i) Because, at and prior to the time of the commencement of this suit, the complainant had not exhausted the ordinary remedies at law available to him.

(j) Because, the said judgment having been duly paid, there is no justiciable controversy between the complainant and the defendant.

(k) Because neither at the time of the filing of said bill of complaint, nor at any time since, was the alleged claim of the complainant a sufficient basis upon which to predicate a bill for a general receiver.

(n) Because this court is without jurisdiction to grant the relief or any of the relief prayed for by the bill of complaint.

The motion sets out facts in support of these grounds, to which we shall hereafter refer. No denial by the complainant of these facts is made, the complainant resting upon the assertion that such admitted facts are insufficient to warrant the sustaining of the motion.

■ Federal courts are as earnest in upholding their jurisdictional powers as they are positive in denial of the same where jurisdiction does not appear or where the ends of justice would not be accomplished by a decree.

■ The provisions of section 37 of the Judicial Code (28 USCA § 80) may be brought to the attention of the court at any time in the course of a case, and may be presented to the court by motion or affidavits, or, if brought to the attention of the court in any way, the court may act of its own motion in reference thereto. The United States Supreme Court has said that the statute in question "does not prescribe any particular mode in which such fact may be brought to the attention of the court," and whether there is a case presented must be examined into by the court "even if the parties forbear to make it, or consent that the case may be considered upon its merits." Morris v. Gilmer, 129 U. S. 315, 9 S. Ct. 289, 292, 32 L. Ed. 690.

In the case of Rosenbaum v. Bauer, 120 U. S. 459, 7 S. Ct. 633, 637, 30 L. Ed. 743, the expression in the statute "within the jurisdiction" is defined as follows:

"It means, 'within the judicial cognizance,' within the capacity to determine the merits of the dispute or controversy, and to grant the relief asked for. The provision does not give countenance to the idea that the suit or proceeding is to be retained * * * till brought to a formal adjudication on the merits, when, at that ultimate stage, the court must say that the case is not within its jurisdiction, after the party successfully challenging the jurisdiction has been harassed by expense and injured by delay. But it means what it says: that the dismissal or remanding '*shall*' be made whenever, '*at any time*' after the suit is brought * * * it shall appear to the satisfaction of that court that there is, really and substantially, no dispute or controversy of which it has jurisdiction."

The motions to dismiss set forth certain facts and conditions to show that there is no controversy before this court of which it should take cognizance at this time, and the motions are verified, and are considered therefore as affidavits. This procedure is recognized by the federal courts as being proper in the premises, and the practice has been approved by Judges Call and Sheppard in previous cases in this court. The motion of the plaintiff to strike the motions of the defendants is denied.

It appears from the bill of complaint and the amendment and supplemental bill, as well as the motions to dismiss, that the plaintiff obtained a judgment for $7,040 against the defendant, Bank of Bay Biscayne, in the circuit court of Dade county, Fla., on March 13, 1928. The defendant, by writ of error, went to the Supreme Court of Florida, and, in order to stay the execution under said judgment, filed a supersedeas bond in the sum of $10,000, with the Maryland Casualty Company as surety. This bond was conditioned upon payment of said judgment, interest, costs, and expenses, to complainant, Ball, if the judgment be affirmed by said Supreme Court. On April 4, 1930, the said court affirmed the judgment, 128 So. 491, and its mandate was duly recorded in said circuit court. Thereupon the defendant bank obtained an injunction from said state circuit court against the enforcement of the said judgment by execution, and, as a condition therefor, executed an approved injunction bond in the sum of $3,500, with the Ætna Casualty & Surety Company as surety. This bond was conditioned upon the payment of the debt, interest, and damages as might be occasioned by the issuance of said injunction if the same be dissolved. On July 24, 1930, the injunction was dissolved by said issuing court.

The bill of complaint was filed in the instant case on the 26th day of July, 1930. No demand for payment was made by the complainant upon the sureties on said respective bonds prior to the filing of his bill. No execution on the judgment has been issued. There are no allegations in the bill that the sureties are unable or refusing to meet the obligations of their bonds.

On July 30, 1930, four days after the bill was filed in this court, J. H. Therrell, assuming to act for said defendant bank, tendered the amount due under the judgment to the attorney for the complainant, which he refused to accept. Said Therrell then paid the money into the registry of the state court wherein the judgment was entered, and by order of the judge of said court a satisfaction of the judgment was entered. The said money is still in the registry of said court, and can be withdrawn by the complainant upon application therefor.

The complainant, in his amendments to original and supplemental bill, states that he is willing to accept the sum of $10,133.88 so paid into the registry of the said state court as payment pro tanto, asserting that there is an attorney's fee of $3,500 in addition thereto on account of services rendered in dissolving the injunction aforesaid, and asks this court to determine whether he can accept the

said judgment money and still maintain his standing in this court upon his claim for $3,500.

It appears that complainant has instituted a suit on the law side of this court for the recovery of said $3,500 as against the defendant and the sureties, and said suit is now pending. In other words, complainant desires to shift by permission of this court from the position of a judgment creditor to a simple contract creditor. There is no allegation that in the action at law the complainant has not a full, adequate, and complete remedy.

The bill of complaint is brought in aid of the collection of complainant's judgment against the defendant bank, alleging generally that, by reason of the unlawful, wasteful, negligent, and fraudulent conduct of the defendant Ernest Amos, the comptroller of the state of Florida, in permitting the defendant bank to keep open and conduct its business, and who now has closed said bank and is in possession of the assets of said bank for the purpose of liquidation, the liquidation of said assets is not in good faith, and the assets will not be conserved for the benefit of creditors, and complainant will not be able to secure the payment of his judgment or obtain the proper return thereof, and that the court should appoint a receiver and proceed thereby to administer the liquidation of said bank. Complainant's counsel asserts that his bill is what is known as a "class bill," in that it is brought on behalf of all creditors similarly situated. The bill is entitled "Charles Ball." The allegations of the bill all relate to the complainant and his judgment. Nowhere in the title nor in the bill does it state that it is brought for and on behalf of any other person than the complainant himself. For aught the court knows, the complainant is the only judgment creditor of the said defendant bank. If this is to be considered a class bill, it can only be for the class of judgment creditors, for it is upon that basis that the action is bottomed. The gravamen of the bill is based solely upon complainant's claim and aid in its collection. The prayer of the bill does ask the court to take charge of the assets of the bank and administer the same for the benefit of the creditors and depositors, but the prayer cannot control the cause as laid in the bill. We must therefore accordingly consider the bill without reference to any other creditors or the depositors.

If equitable action was required to aid the complainant in securing his money, a most careful consideration would be given upon the production of evidence in support of the charges laid in the bill, but it clearly appears that the complainant has an action at law upon his surety bonds, which ousts equity of jurisdiction under the constitutional provisions limiting the equitable jurisdiction of federal courts when such fact appears. Further, the judgment has been paid and the money is at hand in the registry of the state court for the complainant. I cannot see what relief could be granted to the complainant if this action should proceed to a conclusion. It is not necessary for this court to take possession of the assets of the bank and decree as prayed for in the bill in order to enable the complainant to obtain the money due him as asserted. The courts will not waste time under such circumstances. The case becomes a moot one. The case does not really and substantially involve a dispute or controversy properly within the jurisdiction of this court. There are no merits of a controversy to be decided in a court of equity. There is no judiciable controversy left.

It appears that J. H. Therrell was on the 21st day of July, 1930, appointed liquidator of the defendant bank by the state comptroller under provisions of the state banking law, and thereafter on the 25th day of July, the day preceding the filing of this bill of complaint, such appointment was confirmed by Hon. George W. Tedder pro hæc vice, and the said Therrell went into possession of all the property and assets of the defendant bank, and so held them at the time this case before us was instituted. I think the said Therrell is a necessary party to this cause of action. He may be, as contended by counsel for the complainant, a mere agent for the state comptroller, but, in any final decree which might be entered in the case on behalf of complainant, the possessory title, as well as perchance the legal title of the property in Therrell, would have to be dealt with, and therefore the said Therrell must be before the court as a defendant.

It is urged by counsel for the complainant that the motions to dismiss should not be sustained, for the reason that the court has permitted Ethridge Hotel Company and Fred S. Rossner to intervene. These claimants assert that they have the status of judgment creditors under and by virtue of the laws of Florida, section 5035, C. G. L. 1927, on account of having instituted in the state courts a common-law action against the defendant bank for the recovery of a judgment under their claims. The statute in question provides that when such common-law action is instituted by a creditor, he shall have the

right to bring a creditor's bill in aid of the common-law action. This statute is a remedial one. It does not grant any substantive right. It is an enlargement of equitable procedure in the state of Florida, but it cannot enlarge or affect the equitable jurisdiction of the federal courts. The federal courts are regulated by constitutional provisions, and there is a distinct and specific limitation upon the courts of equity, in the United States, in that, where the complainant has a plain, adequate, and complete remedy at law, equity cannot act. No state statute can change this provision. See Equity Rules 37 and 38 (28 USCA § 723); Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358; Hollins v. Brierfield C. & I. Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113.

I cannot therefore consider the interveners as other than simple contract creditors who are not of the same class as the complainant, even if I could construe the bill to be a judgment creditor's class bill. The interveners are not of the character to hold this case within the jurisdiction of this court upon the dismissal of the complainant's action. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763.

Furthermore, this court was not advised, when the orders of intervention were made, that there was pending a motion to dismiss filed by the defendants.

The case of Schlagenhauf v. Craven et al., 61 N. J. Eq. 232, 47 A. 804, 805, considers a creditor's bill filed by complainant in behalf of himself and such other creditors as shall join him, alleging the recovery of a judgment against the defendant, and seeking to set aside fraudulent conveyances in aid of the judgment. After the filing of the bill, the judgment was paid. Interventions were allowed by the court after a motion to dismiss had been filed by the defendants, as in the case at bar. The court said:

"There can be no question that the defendants when they paid the original complainant's claim, and tendered his costs to his solicitor, were at that time entitled to have the bill of complaint dismissed. The satisfaction of the complainant's claim left nothing in this court in this cause upon which, under any circumstances, there could be any further litigation. Nothing remained to be done but to make an order dismissing the cause, which was a mere formal recognition of the fact that this suit had ended. The defendants gave notice of an application to the court for such an order, formally dismissing the bill. They were then entitled to such an order. Afterwards new parties applied, without notice to defendants, to be admitted as complainants, and without disclosure to the court of the fact that the defendants, by paying the claim of the original complainant, had theretofore settled the cause. The question presented by the defendants' notice to dismiss the bill is, were they entitled to an order of dismissal at the time they gave the notice? Equity looks upon that as done which of right ought to have been done. In analogy to this maxim, the defendants, having been entitled to the order of dismissal when they gave notice of their motion for it, ought not to be defeated of their right by the subsequent ex parte action of strangers to the suit; for though the bill of complaint is an open bill, for all creditors who should join in the suit and agree to pay expenses, the new complainants had not, when the original complainant's claim was satisfied and notice given of application to dismiss the bill, established their rights as creditors by recovering any judgment against the defendant Craven."

I think the permission to intervene should not have been granted under the circumstances, and that they cannot now control the case so as to be in fact substituted complainants. I think the above-cited case is the law to be followed in the case before me.

The interveners came into the case as made by the complainant's bill, and must have rights similar to the complainant. They came into the case under the status of the same, and subject to the motion to dismiss which had been filed.

It is true that jurisdiction depends upon the state of things at the beginning of the action, and subsequent events cannot oust it. Ritchie v. Burke (C. C.) 109 F. 16, 19; Wichita R. & Light Co. v. Pub. Util. Comm., 260 U. S. 54, 43 S. Ct. 51, 67 L. Ed. 124. But when it appears that further proceedings in an equity case would be unnecessary or would be impotent to grant relief, or when in justice the case ought not to proceed, the courts having full control of the case should so declare and end the matter.

The bill of complaint sets forth very serious charges against Ernest Amos, state comptroller, which a court of equity in a proper case would be justified in considering, but I do not think this is a proper case.

I must accordingly sustain the motions of the defendant to dismiss, because the complainant has a plain, adequate, and complete remedy at law; the judgment has been paid,

and there is no justiciable controversy left under section 37 of the Judicial Code (28 USCA § 80), and the case is moot.