REED et al. v. STANLEY et al.

(Circuit Court of Appeals, Ninth Circuit. October 2, 1899.)

No. 508.

1. BILL OF REVIEW—TIME FOR FILING.

The rule is well established in courts of equity of the United States that a bill of review must be filed within the time allowed by statute for appeal.

2. SAME.

Where a party against whom a decree has been entered by a circuit court of equity has no right of appeal therefrom to the supreme court, either because no question appealable to that court was in issue, or because he failed to have a question of jurisdiction involved certified during the term at which the decree was entered, and his right of appeal is therefore limited to an appeal to the circuit court of appeals, the time within which he may file a bill of review is limited, by analogy, to the six months allowed by statute for taking an appeal to that court.

Appeal from the Circuit Court of the United States for the Northern District of California.

Rodgers, Patterson & Slack, for appellants.

Warren Olney, E. S. Pillsbury, and Robt. Y. Hayne, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. On the 23d day of February, 1892, the president and trustees of Bowdoin College, and others, commenced a suit in equity in the court below against James P. Merritt and others, which will be referred to, for convenience, as the case of Bowdoin College v. Merritt. To the bill in that suit a demurrer was interposed upon the ground, among other grounds, that the circuit court of the United States for the Northern district of California had no jurisdiction of the suit, which demurrer was by the court overruled. 54 Fed. 55. Subsequently leave was given the complainants in the suit to file a supplemental bill, which was done; and thereafter a preliminary injunction was granted in the suit, for reasons stated in an opinion reported in 59 Fed. 6. Still later a plea in abatement was interposed to the suit by J. P. Merritt, one of the defendants, upon the ground that the suit was a collusive one, and should therefore be dismissed; but it was adjudged that the plea was not sustained by the evidence, and the motion to dismiss was denied. 63 Fed. 215. The cause was thereafter heard upon its merits, and on June 18, 1896, a decree was entered in favor of the complainants. The term of the circuit court at which the decree was entered expired July 10, 1896,—22 days after the making and entry of the decree. From that decree an appeal was taken on the 16th day of December, 1896, by the defendants directly to the supreme court of the United States, upon the sole ground that the circuit court had no jurisdiction of the suit, which appeal was dismissed by the supreme court on May 24, 1897, for the reason that under the provisions of the act of March 3, 1891, establishing the circuit courts of appeals (26 Stat.

826), no appeal could be taken unless the certificate as to the ju-risdiction was granted by the trial judge during the term at which the decree was entered. Merritt v. Bowdoin College, 167 U. S. 745, 17 Sup. Ct: 996. The mandate of dismissal was received by the circuit court June 16, 1897. On the 17th day of June, 1897, a second appeal was taken to the supreme court by the defendants upon the ground that the case involved the "construction or ap-plication of the constitution of the United States," which appeal was likewise dismissed by the supreme court. 169 U. S. 551, 18 Sup. Ct. 415. And the mandate certifying the dismissal was re-ceived by the circuit court March 28, 1898. Four days thereafter, to wit, on the 1st day of April, 1898, the complainants brought the present bill of review, seeking to review and reverse the decree entered in the original suit on the 18th day of June, 1896. An amendment to the bill of review was filed April 11, 1898, in the court below; and on June 2, 1898, another amendment to the bill of review was filed, in which is stated the time occupied by the two appeals to the supreme court from the decree sought to be re-viewed. The court below held that the bill of review was filed too late, and upon that ground sustained the demurrers that were interposed thereto, and dismissed the bill. (C. C.) 89 Fed. 430. Whether or not the court below was correct in its view in that re-gard, is the first question for consideration.

That there is no statute or rule of court prescribing the time within which a bill of review may be filed is undisputed. But the principles controlling courts of equity in respect to the matter are well settled. A clear statement of them is found in the case of Thomas v. Brockenbrough, 10 Wheat. 148, where the supreme court said: .

"It must be admitted that bills of review are not strictly within any act of limitations prescribed by congress; but it is unquestionable that courts of equity, acting upon the principle that laches and neglect ought to be dis-countenanced, and that in cases of stale demands its aid ought not to be afforded, have always interposed some limitation to suits brought in those courts. It is stated by Lord Camden in the case of Smith v. Clay, Amb. 645, 3 Brown, Ch. 639, note, 'that, as the court of equity has no legislative author-ity, it could not properly define the time of bar by a positive rule, but that, as often as parliament had limited the time of actions and remedies to a cer-tain period in legal proceedings, the court of chancery adopted that rule, and applied it to similar cases in equity.' Upon this principle it is that an account for rents and profits, in a common case, is not carried beyond six years, or a redemption of mortgaged premises allowed after twenty years' possession by the mortgagee, or a bill of review entertained after twenty years, by analogy to the statute which limits writs of error to that period. These prin-ciples seem to apply with peculiar strength to bills of review in the courts of the United States, from the circumstance that congress has thought proper to limit the time within which appeals may be taken in equity causes, thus creating an analogy between the two remedies, by appeal and a bill of review, so apparent that the court is constrained to consider the latter as necessarily comprehended within the equity of the provision respecting the former. For it is obvious that, if a bill of review to reverse a decree on the ground of error apparent on its face may be filed at any period of time beyond the five years limited for an appeal, it will follow that an original decree may, in effect, be brought before the supreme court for re-examination after the period prescribed by law for an immediate appeal from such decree, by appealing from the de-

cree of the circuit court, upon a bill of review. In short, the party complaining of the original decree would in this way be permitted to do indirectly what the act of congress has prohibited him from doing directly."

From this it will be seen that an original decree cannot be brought before an appellate court for re-examination, by means of a bill of review, after the expiration of the period prescribed by statute for an immediate appeal from such decree; otherwise, as said by the court in the case cited, the party complaining of the original decree would by such means be permitted to do indirectly what the act of congress has prohibited him from doing directly. There can be no doubt that prior to the passage of the act of congress of March 3, 1891, creating the circuit courts of appeals, the defendants to the suit of Bowdoin College v. Merritt would have had two years from the date of the entry of the final decree in that case in the circuit court within which to file a bill for the review of any error apparent upon the face of the record in that case; for, but for the act of March 3, 1891, an appeal from that decree could only have been taken to the supreme court, and could have been taken at any time within the period of two years. Rev. St. § 1008. But the act of March 3, 1891, entitled "An act to establish circuit courts of appeals, and to define and regulate in certain cases, the jurisdiction of the courts of the United States, and for other purposes," provides, in its fourth section, that "the review by appeal or writ of error, or otherwise, from the existing circuit courts, shall be had only in the supreme court of the United States, or in the circuit courts of appeals hereby established, according to the provisions of this act regulating the same"; and in its fifth section provides, among other things, that appeals or writs of error may be taken from the circuit courts direct to the supreme court in any case in which the jurisdiction of the court is in issue, in which cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision. By section 6 of the act it is provided, among other things, that the circuit courts of appeals shall exercise appellate jurisdiction in all cases other than those provided for in section 5 of the act, unless otherwise provided by law. By section 11 it is provided that no appeal or writ of error by which any order, judgment, or decree may be reviewed in the circuit courts of appeals under the provisions of the act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed, with certain provisions not necessary to mention. The act of March 3, 1891, does not prescribe the time within which appeals or writs of error shall be taken from the circuit courts to the supreme court, but leaves in force that provision of the Revised Statutes prescribing the period of two years from the entry of a judgment, decree, or order of the circuit court in any civil action, at law or in equity, for review in the supreme court on writ of error or appeal, where an appeal or writ of error is allowed. Rev. St. § 1008. But the act of March 3, 1891, as construed by the supreme court, does, in effect, provide that there can be no appeal at all to the supreme court on the question of jurisdiction, unless the trial court, during the term

at which the judgment, decree, or order is given, certifies that the question of the jurisdiction of the court to give such judgment, decree, or order is involved. 167 U. S. 745, 17 Sup. Ct. 996; Colvin v. City of Jacksonville, 158 U. S. 456, 15 Sup. Ct. 866; The Bayonne, 159 U. S. 687, 16 Sup. Ct. 185; Chappell v. U. S., 160 U. S. 499, 16 Sup. Ct. 397. Of the act of March 3, 1891, the supreme court, in the case of U. S. v. Jahn, 155 U. S. 109, 114, 15 Sup. Ct. 39, 41, also said:

"Giving the act a reasonable construction, taken as a whole, we conclude: (1) If the jurisdiction of the circuit court is in issue, and decided in favor of the defendant, as that disposes of the case, the plaintiff should have the question certified, and take his appeal or writ of error directly to this court. (2) If the question of jurisdiction is in issue, and the jurisdiction sustained, and then judgment or decree is rendered in favor of the defendant on the merits, the plaintiff, who has maintained the jurisdiction, must appeal to the circuit court of appeals, where, if the question of jurisdiction arises, the circuit court of appeals may certify it. (3) If the question of jurisdiction is in issue, and the jurisdiction sustained, and judgment on the merits is rendered in favor of the plaintiff, then the defendant can elect either to have the question certified, and come directly to this court, or to carry the whole case to the circuit court of appeals, and the question of jurisdiction can be certified by that court. (4) If, in the case last supposed, the plaintiff has ground of complaint in respect of the judgment he has recovered, he may also carry the case to the circuit court of appeals on the merits; and this he may do by way of cross appeal or writ of error if the defendant has taken the case there, or independently if the defendant has carried the case to this court on the question of jurisdiction alone, and in this instance the circuit court of appeals will suspend a decision upon the merits until the question of jurisdiction has been determined. (5) The same observations are applicable where a plaintiff objects to the jurisdiction, and is, or both parties are, dissatisfied with the judgment on the merits."

The record shows that in the case of Bowdoin College v. Merritt the question of jurisdiction was in issue, was sustained by the circuit court, and a decree on the merits rendered in favor of the complainants. The defendants to the suit thereupon had their election either to have the question of jurisdiction certified by the circuit court, and appeal directly to the supreme court, or to carry the whole case, including the question of jurisdiction, to the circuit court of appeals. For the latter purpose the act of congress allowed them six months from the entry of the decree, and also made it an essential condition of a direct appeal to the supreme court that a certificate of the circuit court be procured during the term at which the decree was rendered, to the effect that the question of the jurisdiction of the court to render the decree was in issue. Without the making of such certificate, the right to appeal to the supreme court did not exist at all, as was expressly decided by the supreme court in the cases cited. When, therefore, the term at which the decree in the case of Bowdoin College v. Merritt was entered expired without the procuring of the necessary certificate, the opportunity of the defendants to that suit to avail themselves of an appeal to the supreme court on the question of jurisdiction was gone. The right to such appeal never had come into existence, and never thereafter could do so. The alternative, however, given them by the act of March 3, 1891, to appeal the whole case,

including the question of jurisdiction, to the circuit court of appeals, continued to exist for the period of six months from the time of the entry of the decree complained of. Within the time thus allowed by statute for an appeal from the decree, the defendants thereto were entitled, by analogy, to file a bill of review for the correction of any error apparent upon the face of the record of the case in which the decree was entered. Within that time the present bill of review was not filed. Under the act of March 3, 1891, as construed by the supreme court, there never came into existence any right on the part of the appellants to appeal to the supreme court from the decree in the case of Bowdoin College v. Merritt; that act having declared, in effect, that, unless the circuit court certified during the term at which the decree was rendered that the jurisdiction of the court to render the decree was involved, there could be no appeal to the supreme court. In view of this legislation, to permit the appellants to now bring up the decree complained of for re-examination, by means of a bill of review, would be to permit them to accomplish indirectly what the act of congress has prohibited them from doing directly. Upon the ground that the bill was filed too late, the judgment of the court below is affirmed.