CHAMBERLIN v. PEORIA, D. & E. RY. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. May 6, 1902.)

No. 719.

1. BILL OF REVIEW—LIMITATIONS.

A bill of review for error of law apparent on the face of the record must be brought within the time limited by statute for taking an appeal from the decree sought to be reviewed.

2. SAME—CERTIFICATION OF JURISDICTIONAL QUESTION.

Where no certificate of a jurisdictional question is certified by the circuit court during the term at which the decree is entered, as required

---

¶ 1. See Equity, vol. 19, Cent. Dig. §§ 1103, 1104.

by Judiciary Act March 3, 1891, § 5, the court has no jurisdiction to subsequently make the certificate.

8. SAME—RESERVATION IN DECREE.

A reservation, in a decree foreclosing a railroad mortgage, that all equities and rights not specifically adjudged, including the discharge of a receiver and passing of his accounts, and all other questions of every kind and nature, not disposed of, are reserved for future adjudication, and reserving the right to make such further order at the foot of the decree as may seem just and proper, retaining jurisdiction for the purpose of enforcing all the provisions of the decree, did not reserve to the court the right to grant a certificate of a jurisdictional question after the term, so as to authorize an appeal under Judiciary Act March 3, 1891, § 11.

4. APPEAL IN ERROR—FRIVOLOUS REVERSAL.

Where a bill of review showed on its face that the circuit court lacked the power to hear it, a reversal of the decree dismissing the bill for the purpose of having affidavits of the defendants, erroneously omitted from the demurrers to the bill, attached, would be frivolous.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

Wm. W. Baldwin and Edward B. Whitney, for appellant.
J. M. Dickinson and Blewett Lee, for appellees.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

BAKER, Circuit Judge. On March 2, 1899, appellant filed his bill to review a decree entered on March 30, 1897. The sole ground of review was the alleged want of jurisdiction apparent upon the face of the record. Appellees demurred for the reason, among others, that the bill was not filed within the time limited for the prosecution of an appeal from the decree sought to be reviewed. The demurrers were properly certified to by counsel, but were not supported by the affidavits of appellees as required by equity rule 31. The court overruled appellant's motion to strike the demurrers from the files. The correctness of the court's ruling in sustaining the demurrers is questioned by this appeal.

It is well settled that a bill of review for error of law apparent upon the face of the record must be brought within the time limited by statute for taking an appeal from the decree sought to be reviewed. Thomas v. Harvie's Heirs, 10 Wheat. 146, 6 L. Ed. 287; Ensminger v. Powers, 108 U. S. 292, 2 Sup. Ct. 643, 27 L. Ed. 732; Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207, 227, 10 Sup. Ct. 736, 34 L. Ed. 97. If an appeal from the original decree had been within the jurisdiction of this court, it would have had to be taken within six months. Section 11, Judiciary Act March 3, 1891. Since the only alleged error on which an appeal could have been taken related to the jurisdiction of the circuit court, an appeal, according to section 5 of that act, as interpreted by the supreme court, could have been taken to the supreme court at any time within two years only on condition that the certification required by section 5 had been made during the term at which the decree was entered. U. S. v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; Colvin v. City of Jacksonville, 158 U. S. 456, 15 Sup. Ct. 866, 39 L. Ed. 1053; The Bayonne, 159 U. S. 687, 16 Sup. Ct. 185, 40 L. Ed. 305; Merritt

118 F.—3

v. Bowdoin College, 169 U. S. 551, 18 Sup. Ct. 415, 42 L. Ed. 850. The term at which the original decree was entered came to an end long before the bill of review was filed. No certificate of the jurisdictional question was ever made. If the power of the circuit court to make the certificate had departed before the bill of review was filed, no appeal would be entertained by the supreme court; and, consequently, the bill of review would not lie. Reed v. Stanley, 38 C. C. A. 331, 97 Fed. 521.

But appellant insists that the right of the circuit court to certify the question of jurisdiction continued beyond the term by reason of a reservation in the decree. The suit was for the foreclosure of a railroad mortgage. The court, in its decree, adjudicated the question of its jurisdiction, the validity of the bonds and mortgage, the default of the mortgagor, the amount due, and the right to a foreclosure and sale. The reservation was as follows:

"All equities and rights of any parties not hereinbefore specifically adjudged, including the discharge of the receiver and the passing of his accounts, and all other questions of every kind and nature not hereby disposed of, are hereby reserved for future adjudication, the settlement of the same being held not to be necessary for the purpose of this decree, and the court reserves the right to make such further order at the foot of this decree as may seem just and proper, and jurisdiction in this court is retained by this court for the purpose of enforcing all the provisions of this decree."

In our opinion, a bare reading of this reservation furnishes a sufficient answer to appellant's contention.

It is urged that the decree must be reversed on account of the informality of the demurrers. Inasmuch as the bill of review showed on its face that the circuit court lacked the power to hear it rightfully, a reversal for the purpose of having the affidavits of appellees attached to the demurrers would be frivolous.

The decree is affirmed.