COCKE et al. v. COPENHAVER et al.

(Circuit Court of Appeals, Fourth Circuit. November 5, 1903.)

No. 475.

1. BILL OF REVIEW—GROUNDS—TIME FOR FILING.
    A bill of review which contains no claim of newly discovered evidence can only be maintained for errors of law appearing on the record, and it must be filed within the time allowed for an appeal from the decree sought to be reviewed.

2. SAME.
    A bill of review to review a decree which was appealable to the Circuit Court of Appeals only can only be filed within the six months allowed for such appeal.

3. SUIT TO SET ASIDE DECREE—GROUNDS.
    An original bill to set aside a decree cannot be maintained on the ground of irregularities and errors which might have been corrected on appeal or by a bill of review.

4. SUIT TO QUIET TITLE—TITLE AND POSSESSION OF PLAINTIFF.
    A bill to remove a cloud from the title to real estate cannot be maintained by one who has neither the legal title nor possession.

Appeal from the Circuit Court of the United States for the Southern District of West Virginia, In Equity.

John Osborne and E. W. Wilson, for appellants.

George E. Price and Wesley Mollohan, for appellees.

Before GOFF and SIMONTON, Circuit Judges, and McDOWELL, District Judge.

GOFF, Circuit Judge. The appellants on the 22d day of November, 1899, filed their bill in the Circuit Court of the United States for the District of West Virginia, the object of which was, for the reasons set forth in their bill, to have certain decrees which had been entered in the chancery cause of George Bartlett & Company against A. A. Chapman et al., then lately before pending in said court, set aside, and to obtain such further and general relief as to equity appertains. To this bill a demurrer was filed, which the court below sustained, and, the complainants declining to amend their bill, the same was dismissed. An appeal was allowed; the only questions presented by the assignments of error being those raised by the demurrer, and the court's action regarding them. The demurrer was argued and submitted for decision prior to the taking effect of the Act of Congress creating the Southern District of West Virginia (Act Jan. 22, 1901, c. 105, 31 Stat. 736 [U. S. Comp. St. 1901, p. 440]). The suit of George Bartlett & Company against A. A. Chapman et al. was instituted during the year 1871 for the purpose of enforcing the lien of a judgment in favor of such complainants and against the said Chapman, by the sale of certain real estate it was alleged he had title to. Chapman filed his answer in April, 1872;

¶ 4. Necessity of possession in suits to quiet title, see note to Jackson v. Simmons, 39 C. C. A. 522.

    See Quieting Title, vol. 41, Cent. Dig. §§ 8, 36.

and at the same time the cause was referred to a commissioner, with directions that he ascertain and report as to the real estate owned by said defendant, as well as to the liens thereon and their priorities. Such report was made and filed during the year 1872. In 1873 a large number of the judgment creditors of Chapman filed a petition in the cause, setting up their judgments, praying that they be made parties, and asking for the sale of his real estate in order that their respective judgments might be paid from the proceeds thereof. In May, 1873, the court entered a decree confirming the commissioner's report, and ordering the sale of the land owned by Chapman described therein. The greater part of the land was subsequently sold, and under the orders of the court the proceeds thereof were applied to the payment of the liens thereon. In 1876 the death of Chapman was suggested, and the names of his administrator and heirs at law were presented to the court, whereupon a scire facias was awarded against them and duly served, and then, in May, 1877, a decree was entered reviving the suit against them. Various other proceedings were had, not necessary to be specifically mentioned; and then, in 1889, the death of Ella Orr, one of the children and heirs at law of A. A. Chapman, was suggested, and a bill of revivor was filed in the name of the complainants, alleging her death, and that she left surviving her three infant children, Augustus C., Mary B., and Clayton Orr, and that they were nonresidents of the state of West Virginia. The court appointed a guardian ad litem for such infant defendants, and he, waiving process, appeared and filed an answer for them. Afterwards the cause was ordered to proceed against them, and thereafter other parts of the lands of which A. A. Chapman had died seised were sold by a commissioner, and the proceeds applied to the satisfaction of his debts; the last sale having been made in November, 1894. At this sale the interest of said Chapman in a tract of 1,100 acres of land—the same being an undivided fifth of one-half—was sold to W. H. H. Allen, and the sale confirmed. He subsequently conveyed a portion of it to W. A. Wade, and other portions to George B. Wade and S. L. Flourney. Next, we have in December, 1899, the bill of the appellants now under consideration; its main purpose evidently being to set aside the decree under which the sale of the land to Allen was made, thereby divesting him and his vendees of title thereto, and restoring the same to the heirs at law of the said A. A. Chapman.

Counsel for appellants insist that while, on its face, the bill is a bill of review, in substance and effect it is also a bill to remove a cloud from the title of land which the complainants below owned. All of the assignments of error relate to the alleged irregularities in practice committed in said case of George Bartlett & Company against A. A. Chapman et al., which are enumerated in appellants' bill, and claimed to be grounds for the reversal of the decrees complained of; and it is now claimed that the court below erred in holding that they did not show sufficient cause for such reversal. In sustaining the demurrer the court below did not find that irregularities or errors had not been committed in the cause mentioned, during the many years of its pendency, but simply that the procedure then before the court,

having for its object their correction or reversal, could not be entertained.

Treating the appellants' complaint as a bill of review—and it is clear that it was so regarded by court and counsel—then it follows that, so far as this case is concerned, nothing will avail for reversal of the decrees referred to therein but errors of law apparent on the record, for there is no claim of after-discovered evidence. Whiting v. Bank of the United States, 13 Pet. 6, 10 L. Ed. 33; Putnam v. Day, 22 Wall. 60, 22 L. Ed. 764; Beard v. Burts, 95 U. S. 434, 24 L. Ed. 485; Nickle v. Stuart, 111 U. S. 776, 4 Sup. Ct. 700, 28 L. Ed. 599; Willamette Iron Bridge Company v. Hatch, 125 U. S. 1, 8 Sup. Ct. 811, 31 L. Ed. 629. And also, before the court below could have considered such alleged errors, it must have been made to appear that the bill for review had been tendered within the time provided by statute for the taking of an appeal from the respective decrees sought to be reviewed. Thomas v. Harvie's Heirs, 10 Wheat. 146, 6 L. Ed. 287; Ensminger v. Powers, 108 U. S. 292, 2 Sup. Ct. 643, 27 L. Ed. 732; Trust Company v. Grant Locomotive Works, 135 U. S. 207, 10 Sup. Ct. 736, 34 L. Ed. 97.

From the time of the entry of the decrees complained of in the case of George Bartlett & Company against A. A. Chapman et al. down to March 3, 1891, the time for taking an appeal from any of them was within two years of the entry of the same. Act June 1, 1872, c. 255, 17 Stat. 196; Rev. St. U. S. § 635. Since March 3, 1891, so far as the orders and decrees in said cause are concerned, the time for entering an appeal concerning them was limited to six months from the date of their entry. Act March 3, 1891, c. 517, § 11, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552]; Rev. St. 997–1013 [U. S. Comp. St. 1901, pp. 712–716]; Condon v. Central Loan & Trust Company, 36 U. S. App. 579, 73 Fed. 907, 20 C. C. A. 110; Reed et al. v. Stanley et al., 38 C. C. A. 331, 97 Fed. 521. This bill was filed November 21, 1899, and was, as the order of the court below states; "too late, not having been filed within the time within which an appeal lies from the decrees complained of; and, if said bill of complaint is to be treated as an original bill, then the facts and allegations therein set forth are not sufficient to entitle the plaintiff to the relief sought for, as they do not show that the decrees which are asked to be set aside were obtained by fraud, or were void for any reason; the matters set forth in said bill constituting only irregularities and errors which could have been corrected by appeal or bill of review, if taken or filed in time." Even if we should, as counsel suggest, in calculating the time in which an appeal could have been taken, exclude the period when complainants were under the disability of infancy, it in this case would not avail, because the youngest of them became of age August 23, 1898, to which, if we add the six months that we hold was allowed in which an appeal could have been taken, we have February 23, 1899, while the bill was not filed until November 21st of that year. The insistence by counsel that this court should treat the bill as one having for its object the removal of clouds upon the title of appellants' real estate, and that "substance, not form, should be looked to," is without merit, for the bill plainly shows that others than complainants

below have the legal title to, and are in possession of, the real estate referred to. This question is clearly stated, and disposed of against appellants' contention, by the Supreme Court of the United States, in Frost v. Spitley, 121 U. S. 556, 7 Sup. Ct. 1131, 30 L. Ed. 1010. We quote:

"Under the jurisdiction and practice in equity, independently of statute, the object of a bill to remove a cloud upon title, and to quiet the possession of real estate, is to protect the owner of the legal title from being disturbed in his possession, or harassed by suits in regard to that title; and the bill cannot be maintained without clear proof of both possession and legal title in the plaintiff. Alexander v. Pendleton, 8 Cranch, 462 [3 L. Ed. 624]; Peirsoll v. Elliott, 6 Pet. 95 [8 L. Ed. 332]; Orton v. Smith, 18 How. 263 [15 L. Ed. 393]; Crews v. Burcham, 1 Black, 352 [17 L. Ed. 91]; Ward v. Chamberlain, 2 Black, 430 [17 L. Ed. 319]. As observed by Mr. Justice Grier in Orton v. Smith: 'Those only who have a clear legal and equitable title to land, connected with possession, have any right to claim the interference of a court of equity to give them peace or dissipate a cloud upon the title.' 18 How. 265. A person out of possession cannot maintain such a bill, whether his title is legal or equitable, for, if his title is legal, his remedy at law, by action of ejectment, is plain, adequate, and complete, and, if his title is equitable, he must acquire the legal title, and then bring ejectment. United States v. Wilson, 118 U. S. 86 [6 Sup. Ct. 991, 30 L. Ed. 110]; Fussell v. Gregg, 113 U. S. 550 [5 Sup. Ct. 631, 28 L. Ed. 993]."

We find no error in the decree of the court below, and our judgment is that it be affirmed.