## DOWAGIAC MFG. CO. v. McSHERRY MFG. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. July 18, 1907.)

No. 1,711.

1. COURTS—CIRCUIT COURT OF APPEALS—JURISDICTION IN MANDAMUS.

A Circuit Court of Appeals of the United States has no power to interfere by mandamus with the action of a Circuit Court, where the question involved relates to its jurisdiction as a Circuit Court of the United States, but the application in such case must be made to the Supreme Court; but such want of power in the Circuit Court of Appeals does not exist where the question involved relates to the jurisdiction of a Circuit Court as a judicial tribunal of original jurisdiction, having no relation to its limitation as a national court.

[Ed. Note.—Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

2. MANDAMUS—SUBJECTS AND PURPOSES OF RELIEF—CONTROLLING JUDICIAL ACTION.

Mandamus will lie to control the action of an inferior court when it assumes to act beyond its jurisdiction, or where it refuses to take jurisdiction of a case and proceed to judgment therein when it is its duty to do so, and there is no other adequate remedy, but not to control its action in a matter which is within its jurisdiction to hear and determine.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 62.]

3. EQUITY—DECREE—BILL OF REVIEW—GROUNDS—FRAUD.

Fraud in obtaining a decree cannot be made the basis of a bill of review, but only of an original bill to impeach the decree for fraud; the radical difference between the two kinds of bills being that a bill of review is a continuation of the original litigation, whereas a bill to impeach a decree for fraud is new and independent litigation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 1090.]

4. JUDGMENT—EQUITABLE RELIEF—PENDENCY OF APPEAL—EFFECT.

A bill to impeach a decree for fraud, the relief sought being an injunction to restrain its enforcement, is not the same in purpose as an appeal, and the court which rendered the decree has jurisdiction to entertain such a bill, although an appeal from the decree is pending.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 771.]

On Petition for Writ of Mandamus Directed to the Circuit Court of the United States for the Western Division of the Southern District of Ohio, and the Judges Thereof.

F. L. Chappell, for petitioner.

B. F. Harwitz and E. E. Wood, for respondents.

Before LURTON and RICHARDS, Circuit Judges, and COCHRAN, District Judge.

COCHRAN, District Judge. The writ of mandamus sought by the petition herein is one commanding that an order be entered vacating an order made May 20, 1907, granting a preliminary injunction. That order was made in a suit brought in said court May 15, 1897, by the petitioner, Dowagiac Manufacturing Company, as plaintiff, against the respondents, McSherry Manufacturing Company, C. R. Oglesby, and T. O. Eichelberger, as defendants, for infringement of certain letters patent, in which an injunction and an accounting were sought.

It was made on application of the defendant C. R. Oglesby, upon what was termed a cross-bill filed by him April 27, 1907. This pleading was filed and said injunction was granted after a final decree in said suit and whilst appeal therefrom was pending in this court, which is still undisposed of. That decree was rendered August 14, 1906. By it the plaintiff recovered of the defendants the sum of $47,855.95 and costs. It was not superseded on the taking of the appeal, and on April 18, 1907, the time within which it might be having elapsed, the plaintiff caused an execution to issue and be levied on certain real estate owned by the defendant Oglesby. The preliminary injunction granted restrained proceedings on said execution until the further order of the court. The relief prayed by said pleading was an injunction against further proceedings thereon, and the ground upon which it was sought was that said decree, as to the defendant Oglesby, had been obtained by fraud. The fraud complained of was that said defendant had been president of the defendant company, but at the time of the filing of the bill had ceased to be such, or a stockholder in the company; that individually he had not infringed, or received any profits from the infringement of, the letters patent in suit; that after answer filed plaintiff's solicitor and managing counsel represented to him, on inquiry by him as to why he had been made a party to the suit, that it was usual and ordinary in patent cases to make officers of corporations parties thereto, that he was a mere nominal party, and that he need not give the matter further concern or attention; and that, relying on said representation, he did not give the matter further concern or attention and had no knowledge of the proceedings thereafter had until subsequent to the rendition of the final decree and service of copy thereof on him.

This case presents the question as to whether this court has the power to and should interfere by mandamus with this action of the lower court? It would seem that a Circuit Court of Appeals of the United States has no power to interfere by mandamus with the action of a Circuit Court thereof, where the question involved relates to its jurisdiction as a Circuit Court of the United States. In the case of United States v. Severens, 71 Fed. 768, 18 C. C. A. 314, we held that, where its decision in regard thereto can be carried directly to the Supreme Court upon certificate under the fifth section of the Circuit Court of Appeals act, the application for a writ of mandamus must be made to that court. In the cases of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, and In re Pollitz, 206 U. S. 323, 27 Sup. Ct. 729, 51 L. Ed. 1081, the question arose in removal cases. The application for the writ was made in each instance to the Supreme Court. In the Wisner Case it was granted, whereas in the Pollitz Case it was denied, but not on the ground that that court was not the proper court to which to make the application. In view of these decisions it would seem that in such cases it is not proper to make the application to the Circuit Court of Appeals, and that therefore in no case has that court power to interfere by mandamus with the action of a Circuit Court of the United States where the question involved relates to its jurisdiction as a Circuit Court of the United States.

If so, the only case in which that court can have power to interfere

by mandamus with the action of the Circuit Court, where the question involved relates to its jurisdiction, is where the question is as to its jurisdiction as a judicial tribunal of original jurisdiction. In the case of United States v. Swan, 65 Fed. 647, 13 C. C. A. 77, we heard, but denied, an application for mandamus in such a case. The question here is as to the jurisdiction of the lower court as a tribunal of original jurisdiction. There is nothing, therefore, in the nature of the case itself against this court's power to grant the mandamus sought. If it is not right that the writ should be granted, it is because the case does not come within the principles allowing the issuance of a mandamus applicable to such cases. In the Pollitz Case Mr. Chief Justice Fuller had this to say as to when a writ of mandamus will not be issued by the Supreme Court to a Circuit Court, to wit:

"But mandamus cannot be issued to compel the court to decide a matter before it in a particular way, or to review its judicial action had in the exercise of legitimate jurisdiction; nor can the writ be used to perform the office of an appeal or writ of error."

He referred to two instances in which it will be issued. One he referred to in these words:

"Where the court refuses to take jurisdiction of a case and proceed to judgment therein when it is its duty to do so, and there is no other remedy, mandamus will lie unless authority to issue it has been taken away by statute."

The other, he referred to, in these words:

"And so where the court assumes to exercise jurisdiction on removal, when on the face of the record absolutely no jurisdiction has attached."

The sum of these expressions is that the writ will not be so issued when the action of the Circuit Court is within its jurisdiction. It will be issued when it is not up to or goes beyond its jurisdiction and there is no other adequate remedy.

In that case a suit brought by a citizen of New York, against a citizen of Ohio and citizens of New York in the proper state court of New York had been removed by the citizen of Ohio into the Circuit Court of the United States for the Southern District of New York on the ground that it involved a separable controversy between him and plaintiff, who were of diverse citizenship. That court, on motion to remand, held that there was such a controversy in the suit and overruled the motion. The application for the writ was denied, for the reason that it was within the jurisdiction of that court to hear and determine the question as to separable controversy on which its jurisdiction depended, and error in regard thereto could be raised only by appeal after final decree. In the Wisner Case, where the writ was granted, a suit brought by a citizen of Michigan against a citizen of Louisiana in the proper state court of Missouri had been removed to the Circuit Court of the United States for the District of Missouri, Eastern Division, and that court had overruled a motion to remand and taken jurisdiction of the suit. The writ was granted, for the reason that the action of the lower court was beyond its jurisdiction. The suit could not have been originally brought there, and hence could

not be removed thereto. Its jurisdiction depended on no question which it had the jurisdiction to determine as in the Pollitz Case.

The same principles apply here, though the only question as to jurisdiction involved is in respect to the authority of the lower court as a judicial tribunal of original jurisdiction. If the action of the lower court was within its jurisdiction as such a tribunal, it cannot be interfered with by mandamus, no matter how erroneous it may have been. Error therein can be inquired into only upon appeal from the order granting the preliminary injunction. It is only in case its action went beyond its jurisdiction as such a tribunal that the petitioner can be entitled to the mandamus it seeks. It is claimed that it did go beyond such jurisdiction, and that on the ground that, pending the appeal from its final decree, the lower court was without jurisdiction to grant said injunction. The case of Ensminger v. Powers, 108 U. S. 292, 2 Sup. Ct. 643, 27 L. Ed. 732, is cited in support of this position. In that case it was held that a bill of review cannot be filed pending an appeal from a final decree. There a final decree in favor of the defendant was entered by the Circuit Court in December, 1873. An appeal therefrom to the Supreme Court was taken by plaintiff in January, 1874. This appeal was dismissed in December, 1875, for failure of appellants to file and docket the cause on the appeal. In September, 1876, a bill of review for error of law was filed. It was claimed that it was filed too late, as the time within which ordinarily a bill of review may be filed is the time limited by statute for taking an appeal from the decree sought to be reviewed, which in this instance was two years. It was held that the time during which said appeal was pending should be deducted, and that therefore the bill was filed in time. The ground upon which it was held that such deduction should be made was that, pending the appeal, the plaintiffs had no right to file a bill of review. Mr. Justice Blatchford said:

"The pendency of the appeal by Bridget Power would have been a valid objection to the filing of a bill of review by her for the errors of law now alleged, and inasmuch as the appeal was not heard here on its merits, but the prosecution of it was abandoned, we are of opinion that the bill of review was filed in time. While the appeal was pending here, although there was no supersedeas, the Circuit Court had no jurisdiction to vacate the decree in pursuance of the prayer of a bill of review, because such relief was beyond its control."

It is to be noted, however, that this holding has relation to a bill of review. Concerning such a bill Judge Sanborn, in the case of Hill v. Phelps, 101 Fed. 650, 41 C. C. A. 569, had this to say:

"The purpose of a bill of review is to obtain a reversal or modification of a final decree. There are but three grounds upon which such a bill can be sustained. They are: (1) Error of law apparent on the face of the decree and the pleadings and proceedings upon which it is based, exclusive of the evidence; (2) new matter which has arisen since the decree; and (3) newly discovered evidence which could not have been found and produced by the use of reasonable diligence before the decree was rendered."

The alleged cross-bill filed in the lower court cannot, therefore, be characterized as a bill of review. The ground upon which it sought relief was neither one of the three grounds upon which such a bill can be sustained, but another and entirely distinct ground, to wit, that

the decree had been obtained by fraud. Such a ground of relief can be made the basis, not of a bill of review, but only of an original bill, or, as it is sometimes called, an original bill in the nature of a bill of review. 2 Beach, Mod. Eq. Pr. § 884. Daniell's Chancery Pleading and Practice (5th Ed.) p. 1584, characterizes such a bill as a bill to impeach a decree for fraud. In the case of Tilghman v. Werk (C. C.) 39 Fed. 680, Judge Jackson said that such a bill "lies only for fraud; and such fraud, as has been said by very eminent judicial authority in an English case, must be actual and positive, showing a mala mens—a meditated and intentional contrivance to keep the opposite party and the court in ignorance of the real facts of the case and thus obtain the decree. Patch v. Wood, L. R. 3 Ch. 203."

The radical difference between these two kinds of bills is that a bill of review is a continuation of the original litigation, whereas a bill impeaching a decree for fraud is not. It is new and independent litigation. The rules applicable to the two kinds of bills are different. As, for instance, it is well settled, in certain jurisdictions at least, that a bill of review cannot be filed after a decree has been affirmed on appeal, at least where the ground thereof is newly discovered evidence, unless the right to file it has been reserved in the decree of the appellate court, or permission be given on application to that court directly for that purpose. Southard v. Russell, 16 How. 545, 14 L. Ed. 1052; 2 Bates on Fed. Eq. Proc. § 717. But such is not the case as to a bill to impeach a decree for fraud. It can be filed without such leave being first had. 2 Daniell's Ch. Pl. & Pr. (5th Ed.) 1584; 2 Beach, Mod. Eq. Pr. § 884; Ritchie v. Burke (C. C.) 109 Fed. 16, 18.

It may be said, however, that the ground upon which a bill of review cannot be filed pending an appeal from the decree sought to be reviewed exists with equal force when a decree is sought to be impeached for fraud pending an appeal therefrom, and should equally prevent such a bill being filed during the pendency thereof. The reason why a bill of review cannot be filed pending an appeal from the decree sought to be reviewed was not pointed out in the case of Ensminger v. Powers. Probably it is this: An appeal and a bill of review are both direct attacks upon the decree itself. Each is a different mode of seeking to have the same thing done; i. e., to have the decree vacated and set aside. The success of either will render the other unnecessary so far as the effect on the decree is concerned; and, as the appeal is first in time, it should be given the right of way. If this is the true reason for this rule, there is room to hold that it applies in case a bill impeaching a decree for fraud is filed, pending an appeal therefrom, where the bill is limited to seeking to have the decree vacated and set aside, or in so far as it seeks to have such relief; and it is hard not to yield to the position that it should be given the same effect in such a case, or to such an extent, as in case of a bill of review. It may be urged that the fact that the latter is a continuation of the original litigation, whereas a bill of the other kind is not, is not sufficient to require a different rule.

But a bill impeaching a decree for fraud need not, in so far as it seeks relief, concern itself with the decree. It may be limited to seek-

ing an injunction against its enforcement or to depriving the party in whose favor it has been rendered of the benefit which he has derived from it. Indeed, it may be that such is all that such a bill is ever properly concerned with. If such a bill is so limited, the above reasoning cannot be applied to prevent its being filed pending an appeal from the decree. The two proceedings are not in such a case seeking the same relief. The appeal is seeking to have the decree vacated and set aside, whereas the bill is seeking to prevent its enforcement or to obtain a restoration of the benefits derived under it. It is on the ground that such a bill may be so limited, or such is its proper nature, that it has been held that a Circuit Court of the United States can give relief against a decree of a state court obtained by fraud. It was so held in the cases of Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524, and Marshall v. Holmes, 141 U. S. 597, 12 Sup. Ct. 62, 35 L. Ed. 870, where the bills sought an injunction against an enforcement of the decrees, and also in the cases of Johnson v. Waters, 111 U. S. 667, 4 Sup. Ct. 619, 28 L. Ed. 547, and Arrowsmith v. Gleason, 129 U. S. 99, 9 Sup. Ct. 237, 32 L. Ed. 630, where the bills sought a restoration of benefits derived under them. In the case of Barrow v. Hunton, 99 U. S. 80, 25 L. Ed. 407, it was held that a federal court had no jurisdiction of a direct attack on the decree of a state court. Mr. Justice Bradley there said:

"The question presented with regard to the jurisdiction of the Circuit Court is whether the proceeding to procure nullity of the former judgment in such a case as the present is or is not in its nature a separate suit, or whether it is a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it. If the proceeding is merely tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, or to a bill of review or an appeal, it would belong to the latter category, and the United States Court could not properly entertain jurisdiction of the case. Otherwise the Circuit Courts of the United States would become invested with power to control the proceedings in the state courts, or would have appellate jurisdiction over them in all cases where the parties are citizens of different states. Such a result would be totally inadmissible. On the other hand, if the proceedings are tantamount to a bill in equity to set aside a decree for fraud in the obtaining thereof, then they constitute an original and independent proceeding, and, according to the doctrine laid down in Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524, the case might be within the cognizance of the federal courts. The distinction between the two classes of cases may be somewhat nice, but it may be affirmed to exist. In the one class there would be a mere revision of errors and irregularities, or of the legality and correctness of the judgments and decrees of the state courts; and in the other class the investigation of a new case arising upon new facts, although having relation to the validity of an actual judgment or decree, or of the party's right to claim any benefit by reason thereof."

It must be held, therefore, that there is nothing in the case of Ensminger v. Powers that militates against the lower court having jurisdiction, pending an appeal to this court from its decree, to hear an application for an injunction against the enforcement thereof on the ground that it had been obtained by fraud, and of granting such application if a proper case for such a relief was made. This was all the relief which said alleged cross-bill sought, and is all the relief granted by the preliminary injunction complained of.

. The fact that a reversal of the decree on the appeal will render unnecessary the continuation of the injunction, or, rather, deprive it of further effect, is not against the court's jurisdiction to grant it. Nor is the fact that the decree might have been superseded, and was not. It is inequitable that a decree shall be enforced, and the party affected by it shall be harassed thereby, when that decree has been obtained by fraud, and this equity on his part is not weakened by either circumstance. He should not be put to the necessity of superseding such a decree, nor run the risk of not getting back property taken from him thereunder. The action of the lower court, therefore, was clearly within its jurisdiction as a judicial tribunal of original jurisdiction.

It is urged, however, that the cross-bill contradicts the record in alleging that the defendant Oglesby had ceased to be a stockholder and president of the defendant company at the time of the filing of the bill; the record showing that he ceased being so shortly after the filing of the bill, and not before; that the subject-matter of the cross-bill could have been raised in the answer filed before decree, and was not, therefore, proper subject-matter for a cross-bill; and that a cross-bill cannot be filed after a final decree. . The case of Dickerman v. Northern Trust Co., 80 Fed. 450, 25 C. C. A. 549 is cited in support of the second proposition just stated, and the cases of Rogers v. Riessner (C. C.) 31 Fed. 591, and Bronson v. La Crosse & Milwaukee R. R. Co., 67 U. S. 528, 17 L. Ed. 359, are cited in support of the third and last one.

But it is not true that the subject-matter of the cross-bill could have been raised by answer filed before decree. The subject-matter of the cross-bill was not defendant Oglesby's liability to plaintiff, but that the decree against him had been obtained by fraud. This could not have been set up before the decree. It is true, however, that a cross-bill cannot be filed after final decree. This position was urged in the lower court against the granting of the preliminary injunction, and Judge Clark, who heard the matter, responded to it in these words:

"It is not necessary to undertake now to fix the technical name of the bill, or petition, as it may be called, filed in this case, or to determine whether technically it should be called an original bill, cross-bill, a bill in the nature of a bill of review, or a petition in the cause. There can be no doubt that such jurisdiction and power as exists to grant an injunction pending the appeal before the Circuit Court of Appeals exists in the judge of the court below, and that also such power as the judge may exercise, if properly invoked by a pleading or petition in this same case, rather than by an independent bill. The subject-matter and purpose of the pleading must be looked to, to determine its proper designation under the law of procedure, and not the name under which it may be filed in court."

But, the lower court having jurisdiction to hear and determine a case of the kind presented by said pleading, it was within its jurisdiction to determine also as to the propriety and sufficiency of the proceedings by which it was presented. If it has erred in this particular, the error can be corrected by this court only upon an appeal from the order granting the preliminary injunction. It cannot do so by mandamus.

The petition for the writ is denied.