## PEEKE v. CITIZENS BANKING CO., SANDUSKY, OHIO.

### No. 6821.

Circuit Court of Appeals, Sixth Circuit.

Dec. 6, 1935.

Milo J. Warner, of Toledo, Ohio (Doyle & Lewis, of Toledo, Ohio, and Krueger, Rosino & Moore, of Sandusky, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

On January 14, 1933, appellee filed a bill of complaint in the District Court, praying for modification of two orders entered December 27, 1928, and January 26, 1929, respectively, in an action styled McGarraghy v. Erie Food Products Company, in which receivership was granted. In the report of the special master filed in the receivership proceedings there was listed among the preferred and secured claims an indebtedness of $20,500 due the appellee upon two notes secured by mortgage on certain real estate owned by the Erie Food Products Company and referred to as Parcel No. 2. Appellant purchased this real estate at public sale, and the purchase was later confirmed by the court subject to all liens of record then upon the property "and reported by the special master." The price set was $40,000 and the assumption of certain receivership debts. While the court's order of confirmation required execution and delivery of the deed after the distribution of the $40,000 in payment of costs, taxes and liens, the mortgage liens were never satisfied. Appellant was attorney for the receiver, and drafted the receiver's deed to himself, which acknowledged receipt of $40,000, and omitted any reference to liens on the property.

Subsequently appellant conveyed this property to a corporation in which he was the owner of substantially all the capital stock, by a deed which recited that the title was clear, free and unincumbered, "except mortgage for $20,000 * * * which grantee assumes." The land was later conveyed back to appellant, who is now the holder of record.

J. B. Wilson, appointed receiver in place of Albert Sturzinger, the first receiver, who had resigned, filed a petition naming appellant and Sturzinger defendants and praying for an accounting on the ground, among others, that appellant had not fully paid the purchase price for Parcel No. 2, nor complied with the conditions of the court order confirming the sale. Appellant then filed a statement in which he declared that "As to the mortgage of Twenty Thousand Dollars ($20,000.00) he has arranged with the Citizens Banking

Hewson L. Peeke, of Sandusky, Ohio (F. H. Stutz, of Vermilion, Ohio, on the brief), for appellant.

Company as shown by its letter filed herewith, so that The Erie Food Products Company, nor the receiver, are neither of them liable." The letter mentioned was not attached. Sturzinger about the same time filed a report in which he stated that the mortgages of $20,000 had been assumed by appellant.

In his answer to the petition for accounting appellant stated that he had paid or caused to be paid $44,880.80 for this property, one of which items was "First mortgage on real estate $20,000.00."

Appellee on October 1, 1928, filed an answer and cross-bill to the receiver's petition for accounting, setting up the mortgages and praying to be fully protected in its lien on Parcel No. 2. On December 27, 1928, without actual notice to appellee or its counsel, the receiver filed his report of settlement and compromise with appellant, recommending confirmation of title to Parcel No. 2 in appellant. This report was approved by the court on the same day. On January 26, 1929, again without actual notice to the appellee, the court entered an order terminating the receivership proceeding and discharging the receiver. By inadvertence no disposition was made of appellee's answer and cross-bill. During the period from the sale up to December, 1932, appellant made numerous interest payments to appellee on the notes secured by mortgage on Parcel No. 2. In December, 1932, appellant refused to make further interest payments and claimed that the mortgages had been discharged by the orders of the court in the receivership, particularly those of December 27, 1928, and January 26, 1929. Thereupon appellee filed this bill in the nature of a bill of review praying that these orders be set aside and that the mortgages be decreed to be the first liens on the property. The District Court modified the orders as prayed for, and from its decree the present appeal is prosecuted.

■ Appellant contends that a sale by a receiver under a court order passes title to the purchaser in absence of fraud when the sale has been confirmed and the purchase money has been paid, and that these conditions exist herein. This contention does not aid him. When a mortgage has been duly recorded, a receiver's sale, even though made under court order, passes title to the purchaser subject to the liens of record. Moreover, in this case the purchase money has not been fully paid, nor are the mortgages satisfied.

■ Appellant also urges that the bill must be considered as a pure bill of review based on errors of law apparent in the record, and hence was not timely filed. A bill of review must ordinarily be filed within the time limited for appeal, where the review sought is not founded on matters discovered since the decree. Ensminger v. Powers, 108 U.S. 292, 302, 2 S.Ct. 643, 27 L.Ed. 732; Central Trust Co. v. Grant Locomotive Works, 135 U.S. 207, 227, 10 S.Ct. 736, 34 L.Ed. 97. However, the bill presents none of the characteristics of a bill of review. It assigns no errors of law apparent on the record and sets up no newly discovered material evidence. See Nickle v. Stewart, 111 U.S. 776, 4 S.Ct. 700, 28 L.Ed. 599.

The appellee answers that this bill is one in the nature of a bill of review and hence is seasonably filed. This view is supported by the rule that such a bill constitutes new and independent litigation. Dowagiac Mfg. Co. v. McSherry Mfg. Co., 155 F. 524 (C.C.A.6). Also since appellant did not question these liens until December, 1932, and the bill was filed January 14, 1933, the defense of laches, strongly insisted upon, is not sustainable.

■ A more serious question exists as to the sufficiency of the bill. A bill in the nature of a bill of review lies only in case of actual and positive fraud in the procurement of the judgment or decree. Dowagiac Mfg. Co. v. McSherry Mfg. Co., supra; United States v. Throckmorton, 98 U.S. 61, 65, 66, 25 L.Ed. 93. This bill does not charge such fraud, nor is it proved. Prior to December, 1932, appellant repeatedly recognized the validity of these liens. All of his acts up to that time indicate strongly that he assumed the mortgages. While he approved the first order attacked, he did not represent Wilson, the then receiver. Whatever may be said of his change of front almost four years later, he committed no fraud, actual or constructive, in the procurement of the orders attacked.

The appellee also claims that since it was not heard on its answer or cross-bill, and since the orders affecting its interest were entered without actual notice to it or its counsel, they are void for lack of jurisdiction. These facts, if true, do not establish a basis for a bill in the nature

of a bill of review. Moreover, this contention overlooks the fact that appellee was a party to the controversy. The court had jurisdiction of the subject-matter and of the person of the appellee. The appellee therefore had constructive notice of every order entered in the cause. It is the duty of litigants to see that proper steps are taken for the protection of their rights, and it is no ground for relief that the case is taken up and decided in the absence of counsel or without actual knowledge of the litigant. Ritchie v. McMullen, 159 U.S. 235, 241, 16 S.Ct. 171, 40 L.Ed. 133.

Inasmuch as fraud in the procurement of these orders is neither alleged nor shown, the decree of the District Court is reversed and the case is remanded with instructions to dismiss the bill, but without prejudice to the maintenance of a foreclosure action in the state courts.