# UNITED STATES v. KLAPPROTT.
## Civil Action No. 2190.

District Court, D. New Jersey.

Feb. 7, 1947.

Edward V. Ryan, Asst. U. S. Atty., of Newark, N. J., for the United States.

Laurence Semel, of Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil proceeding instituted by the United States Attorney, pursuant to Section 338 of the Nationality Act of 1940, 54 Stat. 1158, 8 U.S.C.A. § 738, to revoke the order admitting the defendant to citizenship and to cancel the certificate of naturalization issued thereon on the grounds of fraud and illegality.

The original complaint, filed on May 12, 1942, charged that the certificate of naturalization was illegally and fraudulently procured and sought its cancellation on these grounds. The summons and complaint were personally served upon the defendant on May 14, 1942. The defendant failed to appear and defend within the time prescribed in the summons, to wit, sixty days, and a default judgment in conformity with the prayer of the complaint was entered on July 16, 1942. Thereafter no action was taken by the defendant until the present petition was filed on January 7, 1947.

The proceeding is now before the Court on the verified "petition" of the defendant to open, vacate and set aside the default judgment entered herein. The authority of the Court to grant relief at this time is challenged by the plaintiff.

It clearly appears from the affidavit of the defendant that his failure to appear and defend within the time prescribed was imputable to his own willful and inexcusable neglect. The excuses belatedly advanced in his affidavit, to wit, illness, confinement, and lack of opportunity, are not persuasive. We shall, however, consider the excuses in the light most favorable to the defendant, and, notwithstanding our firm conviction to the contrary, assume that the default was ascribable to his "mistake, inadvertence, surprise, or excusable neglect." Even this assumption is of no avail to the defendant.

Rule 60(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, specifically preserves the traditional authority of the Court, on motion, to "relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." This rule, however, imposes a mandatory limitation on the time within which the motion shall be made. It is therein provided that the "motion shall be made within a reasonable time, *but in no case exceeding six months after such judgment, order, or proceeding was taken."* (Emphasis by the Court.) There is no discretionary power in the Court to extend this period of limitation. It necessarily follows that the present petition, regarded as a formal motion under the said rule, is barred.

The said rule, however, expressly excepts from its application the power of the Court "to entertain an action to relieve a party from a judgment, order, or proceeding." This exception, liberally interpreted, preserves the historic authority of the Court to entertain either a bill of review or a bill in the nature of a bill of review in a proper case. Fraser v. Doing, 76 U.S.App.D.C. 111, 130 F.2d 617, 620; Wallace v. United States, 2 Cir., 142 F. 2d 240, 244; Moore's Federal Practice, Vo. 3, Pgs. 3255-3276. These equitable remedies, as thus preserved, are still governed by the established principles of the common law.

The present "petition," notwithstanding its form, should be regarded as a bill of review, and we shall so regard it. It is our opinion, however, that as such it is not maintainable for two reasons: first, the lack of grounds sufficient to sustain it; and second, the inexcusable delay of the defendant in pursuing the remedy. It is well established that the presence of

either reason requires the dismissal of the bill.

■■ A bill of review, as an equitable remedy under the common law, had its origin in the first Ordinance of Lord Chancellor Bacon.[1] The general rule adopted by our Courts is the same as the Ordinance in legal effect. Whiting v. Bank of the United States, 13 Pet. 6, 14, 38 U.S. 6, 14, 10 L.Ed. 33. It is now well established that a bill of review is maintainable on only two grounds: "First, error of law apparent on the face of the record without further examination of matters of fact; second, new facts discovered since the decree, which should materially affect the decree and probably induce a different result."[2] Scotten v. Littlefield, 235 U.S. 407, 411, 35 S.Ct. 125, 59 L.Ed. 289. Accord: Shelton v. Van Kleeck, 106 U.S. 532, 534, 1 S.Ct. 491, 27 L.Ed. 269; Nickle v. Stuart, 111 U.S. 776, 4 S.Ct. 700, 28 L.Ed. 599; Willamette Iron Bridge Co. v. Hatch, 125 U.S. 1, 7, 8 S.Ct. 811, 31 L.Ed. 629; Cocke v. Copenhaver, 4 Cir., 126 F. 145, 147; Dowagiac Mfg. Co. v. McSherry Mfg. Co., 6 Cir., 155 F. 524, 527; Rudolph v. Hunt, 52 App.D.C. 343, 286 F. 1007, 1009; Simonds v. Norwich Union Indemnity Co., 8 Cir., 73 F.2d 412, 415; Irvin v. Buick Motor Co., 8 Cir., 88 F.2d 947, 949; Brady v. Beams, 10 Cir., 132 F.2d 985, 986; Lehman Co. v. Appleton Toy & Furniture Co., 7 Cir., 148 F.2d 988, 989. The bill of review ("petition") in the instant case presents neither of these grounds.

■ It is contended by the defendant that "the allegations of the complaint, even if considered as admitted, by reason of the (defendant's) failure to answer the same, do not meet the requirements of the clear, unequivocal and convincing proof required as a basis of the judgment." This contention presupposes that a default judgment may be entered only upon proof of the allegations of the complaint, and with this we cannot agree. The allegations of the original complaint were sufficient to support the charge that the certificate of naturalization was illegally and fraudulently procured. The failure of the defendant to appear and answer these allegations within the time prescribed was an implied admission of the ultimate facts sufficient to warrant the entry of judgment by default.

■ The present "petition" must be considered a bill of review for error of law apparent upon the record, no other ground except that hereinabove quoted having been urged. The remedy is not restricted as to time by any mandatory limitation but is governed by the equitable doctrine of laches. The courts, however, have uniformly held that a bill of review for error of law apparent upon the record is in the nature of a writ of error and ordinarily must be brought within the time limited for an appeal. Ensminger v. Powers, 108 U.S. 292, 302, 2 S.Ct. 643, 27 L.Ed. 732; Central Trust Co. v. Grant Locomotive Works, 135 U.S. 207, 227, 10 S.Ct. 736, 34 L.Ed. 97; McDonald v. Whitney, C.C.Mass., 39 F. 466, 467; Halsted v. Forrest Hill Co., C.C.W.Va., 109 F. 820, 823; Cocke v. Copenhaver, supra; Hagerott v. Adams, 8 Cir., 61 F.2d 35, 36; Peeke v. Citizens Banking Co., 6 Cir., 81 F.2d 112, 114. The analogy has apparently prompted the adoption of the time limited for an appeal as a reasonable limitation on the remedy. Ibid.

■ This action was initiated by the defendant more than four years after the entry of final judgment in the original

---

[1] "No decree shall be reversed, altered, or explained, being once under the great seal, but upon bill of review; and no bill of review shall be admitted, except it contain either error in law, appearing in the body of the decree, without further examination of matters in fact, or some new matter which hath risen in time after the decree and not any new proof which might have been used when the decree was made. Nevertheless, upon new proof that is come to light after the decree made, and could not possibly have been used at the time when the decree passed, a bill of review may be grounded by the special license of the court, and not otherwise." Street, Equity Practice (1909), Vol. 2, 1256; Purcell v. Miner, 4 Wall. 513, 521, 18 L.Ed. 435.

[2] It appears from several of the later cases that fraud is now considered a proper ground upon which to predicate a bill of review. The formal distinction between a bill of review and a bill in the nature of a bill of review is disregarded. See Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238, 64 S.Ct. 1281, 88 L.Ed. 1596.

proceedings. This undue delay is imputable entirely to his willful and inexcusable neglect. The action must, therefore, be dismissed because of the defendant's laches. It is our opinion that the defendant's initiation of this action at this late date was not prompted by any desire to assume the duties of citizenship but by a recent realization of the serious consequences attendant upon the loss of its privileges. The defendant's motives should not, and do not, influence our ultimate decision, but we have thought it well to examine his tenuous excuses for delay in their light.

▉ The defendant's verified "petition" presents nothing more than a defense which should have been presented in the original proceeding. This defense cannot be urged at this time as a ground for relief from the judgment entered therein. Helms v. Holmes, 4 Cir., 129 F.2d 263, 265, 141 A.L.R. 1367; In re Innis, 7 Cir., 140 F. 2d 479, 481. The jurisdiction of equity cannot be invoked except on the grounds hereinabove discussed.

The defendant's petition shall be dismissed. The plaintiff shall prepare and submit forthwith a proper order of dismissal.