## MORAN v. MORAN.

### No. 1821.

District Court of the United States for the District of Columbia.

Feb. 1, 1940.

Patrick J. Taft, of Washington, D. C., for plaintiff.

Thomas F. Burke, of Washington, D. C., for defendant.

LETTS, Associate Justice.

On March 14, 1939, plaintiff obtained a decree of divorce from the defendant wherein it was provided that the defendant should pay the plaintiff alimony, for her support and of the minor child given into her custody, in the sum of $433.34 per month.

Plaintiff now seeks to reopen the case for the purpose of gaining an increase in alimony awarded. She shows no change in the circumstances of the parties and states no valid ground for her motion unless it be found in paragraph five of her motion wherein she says the decree was entered by mistake. Elsewhere in her motion she asserts that she was without knowledge of the provisions of the decree and that she has accepted the monthly payments of alimony under protest.

▪ Defendant in opposing plaintiff's motion to reopen the case says under oath that plaintiff was present in court when the decree was signed. Such allegation is not denied by plaintiff and is deemed sufficient to overcome her allegations that she had no knowledge of the provisions of the decree of which she now complains.

▪ Furthermore her claim for relief upon the allegation that the decree was entered by mistake is unavailing since she does not present a case which meets the requirements of Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The rule provides that the motion shall be made within a reasonable time, but in no case exceeding six months after the judgment was taken. As mentioned, the decree was entered on March 14, 1939, and plaintiff first moved to reopen the case on December 27, 1939, and later by filing on January 19, 1940, the motion now under consideration.

Plaintiff's motion to reopen purported consent decree is overruled.