## NATIONAL POPSICLE CORPORATION et al. v. HUGHES.
### No. 481.

District Court, N. D. California, N. D.
March 20, 1940.

William S. Graham, of San Francisco, Cal., for plaintiffs.

Albert E. Sheets, of Sacramento, Cal., for defendant.

WELSH, District Judge.

On June 3, 1930, pursuant to a consent decree entered May 8, 1930, the above named defendant was perpetually enjoined in this action from infringing upon three Letters Patent, owned by plaintiffs, covering a process of manufacturing frozen confection, and the manufactured product. This decree became final and is now in effect.

Defendant moves to dissolve the perpetual injunction on the ground that on February 2, 1938, the Circuit Court of Appeals of the 9th Circuit, in the case of Icyclair, Inc., et al. v. National Popsicle Corporation, 94 F.2d 669, determined that some but not all of the patent claims in suit herein were invalid for want of invention.

I do not believe this court has power at this late date to entertain a motion to dissolve the perpetual injunction issued in this action. The adjudication by the Circuit Court of Appeals of the 9th Circuit, in another case between this plaintiff and other parties, of the invalidity of certain of the claims covered by the Letters Patent which are the subject of the decree of perpetual injunction herein,

does not render the decree in this case void. E. Ingraham Co. v. Germanow, 2 Cir., 1925, 4 F.2d 1002. It is still a valid and binding decree. It has become final, and the term within which its final determination occurred has long since expired.

Prior to the adoption of the Federal Rules of Civil Procedure, it was well settled that the power of a federal court to modify or vacate its final judgment expired with the expiration of the term in which it was rendered, unless proceedings therefor were commenced during the term. Bronson v. Schulten, 104 U.S. 410, 412; 26 L.Ed 797. The question then is,—Has Rule 6(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, entirely abrogated this legal principle in providing that: "The expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which has been pending before it."

I cannot agree that a proper interpretation of this rule calls for the abrogation of the legal principle established prior to its adoption, that the power of a court to modify or vacate its final decrees expires with the term, save and except insofar as this rule, when read with other rules forming a part of the Federal Rules of Civil Procedure, operates to extend the power of the court over its final judgments beyond the term for the purpose of doing any act or taking any proceeding in reference to the judgment, on the grounds, in the manner and within the time authorized by any of the provisions of the Federal Rules of Civil Procedure. For instance, Rule 60(b) of the Federal Rules of Civil Procedure authorizes a motion to modify or vacate a final judgment to be made on certain grounds within six months after entry of judgment. In some cases, this six months period will extend beyond the term in which the judgment became final. By virtue of Rule 6(c), the power of the court to grant the relief provided for in Rule 60(b) is extended beyond the term.

Unless, however, the time limit for taking proceedings to modify or vacate a final judgment is otherwise specified in the Federal Rules of Civil Procedure, that limit is still the expiration of the term in which the judgment became final. It would be contrary to sound reasoning as well as settled principles of federal law to construe Rule 6(c) to mean that a court has continuing jurisdiction over its final judgments and decrees. The power of the court over its final judgments must end sometime. If the period of termination is specified in the Rules of Civil Procedure, that period governs. Otherwise, the end of the term marks the termination of the court's power, in accordance with settled law.

It is significant to note that Rule 6(c) refers to any civil action which "has been pending" before the court, in providing that the expiration of the term does not affect the court's power to take any proceeding therein. The use of the present perfect tense in the underlined phrase limits the application of Rule 6(c) to civil actions which were pending at the time of the expiration of the term. A civil action is pending when it is still open to modification, appeal or rehearing and until the final judgment is rendered. Ex parte Craig, 2 Cir., 274 F. 177, 187. As to any such action, Rule 6(c) provides that the expiration of a term during its pendency does not affect the power of the court to take any further proceedings therein. But Rule 6(c) does not purport to cover civil actions which, although pending in the past, had been, prior to the expiration of the term, fully determined by final judgment and which, at the time of the expiration of the term, were no longer subject to modification, appeal or rehearing by virtue of any statutory grant of power, or any principle of substantive law. As to any such action, there is no power in the court, statutory or otherwise, which Rule 6(c) can operate to extend beyond the term. Rule 6(c) is not itself a grant of power beyond the term. The power of the court to take further proceedings in any civil action must be found elsewhere in the law and, if extant, is lifted, by Rule 6(c) from any possible term restrictions.

I am cognizant of the inherent power of the court to modify, at any time, the terms of a final decree of perpetual injunction which is directed to the supervision of future conduct in relation to changing conditions, upon a clear showing that by virtue of changed conditions, a continuation of the injunction would be inequitable. United States v. Swift & Co. 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999. Such a situation does not present itself

here, however. There was no showing offered of any changes in the conditions existing at the time of the entry of the decree herein which would now render the operation of the decree inequitable. The motion was predicated solely upon the fact that subsequent to the entry of the decree of perpetual injunction herein, the Circuit Court of Appeals of the 9th Circuit determined, in another action, that certain of the claims covered by the Letters Patent in suit in this case were invalid. If invalid now, they were invalid at the time of the entry of the decree herein. And consequently, this decree was erroneous at least in part, but not void. In the case of United States v. Swift & Co., supra, 286 U.S. on page 119, 52 S.Ct. on page 464, 76 L.Ed. 999, the court stated: "The injunction, whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making."

It is therefore ordered, that the motion of defendant to dissolve the perpetual injunction issued herein be and the same is hereby denied.