## REED v. SOUTH ATLANTIC S. S. CO. OF DELAWARE.

### No. 170.

District Court, D. Delaware.

Sept. 4, 1942.

W. Thomas Knowles, of Wilmington, Del., for plaintiff.

William S. Potter (of Southerland, Berl & Potter), of Wilmington, Del., for defendant.

BIGGS, Circuit Judge.

On November 10, 1941 pursuant to a rule of this court promulgated November 11, 1938 [1] a notice was sent by the clerk of

[1] The rule which is known colloquially as the "One Year Rule" is as follows:

"Causes pending in this Court in which no action has been taken by the parties for one year may be dismissed as of course, for want of prosecution by the Court on its own motion. It shall be the duty of the Clerk to mail notice of such inaction to counsel of record for all parties who have appeared in the cause, or to the parties thereto if their Post Office addresses are known, at least thirty days before the opening of the next succeeding term of the Court. If such notice has been given and no action has been taken in the case in the meantime an order of dismissal shall be entered as of course. Such causes may also be dismissed for want of prosecution on motion by any party upon thirty days' notice to the other parties. Notice of the entry of an order of dismissal shall be given by the Clerk to the attorneys of record for all parties who have appeared in the cause by mailing to each a copy of such order of dismissal at his last known Post Office address."

In this connection an order dated March 7, 1941 should be noted. It is as follows:

"Ordered by the Court that dismissal of a cause pending in this Court in which no action has been taken by the parties for one year under Rule of this Court promulgated November 11, 1938 shall be without prejudice unless otherwise specified in the order of dismissal."

court to counsel for the parties, informing them that since no action had been taken by the parties for one year, the case would be placed upon a calendar of cases to be called by the court at the opening of the December Term, 1941, viz., on December 9, 1941, at ten o'clock in the forenoon; and, if no action had been taken in the case in the meantime, an order of dismissal would be entered as of course at the opening of the term of court. No action was taken by either of the parties and, accordingly, on December 9, 1941, an order was entered dismissing the cause without prejudice.

On July 25, 1942, counsel for the plaintiff in open court moved orally to strike out the order of December 9, 1941, and to restore the case to the calendar. The court directed counsel to file a written motion and this was done on August 1, 1942. The written motion was substantially the same as was the oral motion but contains the statement that the plaintiff's counsel " * * * had no power or authority by his tacit consent to permit * * * " the entry of the order of December 9, 1941.

Section 75 of the Judicial Code, 28 U.S. C.A. § 148, provides, "The State of Delaware shall constitute one judicial district * * *. Terms of the district court shall be held at Wilmington on the second Tuesdays in March, June, September, and December."

The order which the plaintiff seeks to set aside was filed on the first day of the December Term, 1941. That term came to an end on Monday, March 9, 1942, the second Tuesday in March, 1942 being the next day. The March Term, 1942 came to an end at midnight on Monday, June 8, 1942. A full term and part of another term elapsed between the end of the term at which the order was entered and the term at which the plaintiff seeks to have it stricken out.

■ With certain exceptions which need not be gone into here, at common law all judgments regularly entered became final at the end of the term at which they were entered. See United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Bronson v. Schulten, 104 U.S. 410, 26 L.Ed. 797; and Freeman on Judgments, Fifth Edition, Section 196. The District Court of the United States for the District of Delaware has no standing rule relating to extensions of terms of court and no order was entered extending the December Term. Cf.

Rule 30 of the General Rules of Court of the District Court of the United States for the Southern District of New York. Weller v. Socony-Vacuum Oil Co. of New York, D.C., 2 F.R.D. 158. The only substantial question presented for determination therefore is whether or not Rule 6(c) and Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, have worked any change in the ancient principles. I conclude that these rules have worked a change, but not such a great one as would give this court the authority to strike out the order of dismissal of December 9, 1941, and restore the cause to the calendar.

■ Rule 6(c) provides that the expiration of a term of court in nowise affects the power of the court to do any act or take any proceeding in any civil action which has been pending before it. It was the intention of the framers of the rules by Rule 6(c) to abolish the effect of the expiration of the term upon the power of the court over its final judgments. See Moore's Federal Practice, p. 416. But that authority goes on to state that "Although the court, by virtue of Rule 6(c), has the power, in its sound discretion, to revise its judgment irrespective of the expiration of a term of court, its power is subject to the Federal Rules, particularly Rules 59 * * * and 60 * * * ".

■ Rule 60(b) provides that the court may relieve a party from a judgment taken against him through inadvertence but provides that the motion for relief " * * * shall be made within a reasonable time, but in no case exceeding six months after such judgment * * * was taken." In short, the provisions of Rule 6(c) and Rule 60(b) are to be construed together. So construing them, the plaintiff could be relieved of the order of December 9, 1941, in the discretion of the court, provided he had made his motion for relief within a reasonable time not exceeding six months after December 9, 1941. All the decided cases lead to this conclusion. See National Popsicle Corporation v. Hughes, D.C., 32 F.Supp. 397; Nachod & U. S. Signal Co. v. Automatic Signal Corp., D.C., 32 F.Supp. 588; Moran v. Moran, D.C., 31 F.Supp. 227; Preveden v. Hahn, D.C., 36 F.Supp. 952; Cassell v. Barnes, D.C., 1 F.R.D. 15; Weller v. Socony Vacuum Oil Co. of New York, supra. In the case at bar the plaintiff's motions for relief were made more than six months after the entry of the or-

der of December 9, 1941. The court lacks the power to strike out the order of dismissal.

The fact, as recited in the written motion that the plaintiff's counsel was without power or authority to consent to the entry of the order of dismissal is without any relevancy whatsoever. Counsel for the plaintiff did not consent to the entry of the order. In fact he seemed unaware of its entry until more than six months had passed. This is not important, however. The operation of the rule is in nowise based upon the consent of the parties.

An order will be entered denying the motions.