## McGINN v. UNITED STATES.
### No. 5491.

District Court, D. Massachusetts
Dec. 11, 1942.

William L. Baxter, Thomas M. Burke, John W. Coughlin, and Sawyer, Hardy, Stone & Morrison, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and Timothy A. Curtin, Asst. U. S. Atty., both of Boston, Mass., for defendant.

FORD, District Judge.

This court at hearing held on March 28, 1940, allowed the defendant's motion to dismiss, upon plaintiff's counsel's assent to the motion. McGinn now moves to vacate the judgment heretofore recorded, revoke the order dismissing the action, and order the action restored to the docket of cases for trial, claiming relief under Rules 60(b) and 6(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Affidavits filed by both the plaintiff and his counsel warrant the conclusion that the plaintiff at no time authorized any person to assent to the dismissal of his action and that his counsel assented to the dismissal without his knowledge or consent. The plaintiff was not notified of the hearing held on March 28, 1940, and he learned of the dismissal in August, 1942, when he first checked the status of the action. Plaintiff's counsel asserts he acted under a mistake of law or fact in assenting to the dismissal. The government does not deny the truth of these facts.

The plaintiff submits that this court has power under Rules 60(b)[1] and 6(b)[2] of the Rules of Civil Procedure to grant the relief which he seeks.

---

[1] "On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. * * * This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, * * *."

[2] "When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion * * * (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect; * * *."

The question arises as to whether Rule 6(b) can operate so as to allow plaintiff to proceed in spite of the express six months' limitation contained in Rule 60(b). I believe that Rule 6(b) confers no power to enlarge the time to more than six months. In other words, Rule 6(b) does not affect the express limitation found in Rule 60(b). The rule itself says the motion shall be made "in no case" after six months. Six months is the maximum period in any case. This is the outermost limit of a "reasonable time" within which the motion must be filed. If a party seeks relief from a judgment or order, he must make his motion before six months have expired after the entry of such judgment or order, or the motion must be denied. Nachod & United States Signal Co. v. Automatic Signal Corp., D.C., 32 F.Supp. 588, 589; Moran v. Moran, D.C., 31 F.Supp. 227; 17 Hughes, Federal Practice, § 19352, p. 265; see 1 Moore, Federal Practice, § 6.07, pp. 413, 414, and footnote (where it is explained that draftsmen of Rule 6(b) intended to state expressly that time for filing motion to vacate under Rule 60(b) could not be enlarged); cf. Schram v. O'Connor, D.C., 2 F.R.D. 192. Also, Rule 6(c), abolishing the effect of the expiration of a term of court upon the power of a court to annul or vacate its final judgment,[3] is subject to Rule 60(b) and the six months limitation must be observed. Gustav Reed v. South Atlantic Steamship Company of Delaware, D.C., 2 F.R.D. 475; 17 Hughes, Federal Practice, § 19376, p. 272; 1 Moore, Federal Practice, § 6.09, p. 417; see National Popsicle Corp. v. Hughes, D.C., 32 F.Supp. 397; Moran v. Moran, supra.

However, notwithstanding what has been stated above, is the plaintiff without relief? Suppose a statute of limitations has run against him in this suit, as has been suggested, is the rule so harsh and inflexible as to bar relief against judgments entered by the court upon the entertainment by the latter of an erroneous matter of fact? I think not, from the language of the first saving clause of Rule 60(b).[4]

Before the enactment of the Federal Rules of Civil Procedure the courts had power to correct errors in judgments and decrees. 3 Moore, Federal Practice, §§ 60.02, 60.03, pp. 3255, 3266. In equity, a decree could be reopened by a bill of review (or bill in the nature of a bill of review) on two grounds (1) for error of law apparent on the face of the record (pleadings, proceedings, and decree) without reference to the evidence in the case, and (2) to introduce newly discovered evidence. Scotten v. Littlefield, 235 U.S. 407, 411, 35 S.Ct. 125, 59 L.Ed. 289; Shelton v. Van Kleeck, 106 U.S. 532, 1 S.Ct. 491, 27 L.Ed. 269; Beard v. Burts, 95 U.S. 434, 24 L.Ed. 485; cf. Ex parte Thomas, 73 App.D.C. 50, 114 F.2d 847. The courts have held the bill of review for error apparent had to be filed within the time allowed for an appeal. Hagerott v. Adams, 8 Cir., 61 F.2d 35, 36, and cases cited. The bill of review for newly discovered evidence is limited only by the equitable principle of laches. Hagerott v. Adams, supra, 61 F.2d page 37.

The writ of error coram nobis or coram vobis was a common-law writ and it allowed a party to bring before the court which rendered the judgment errors of fact not apparent on the record which were material in the proceeding and had escaped attention. United States v. Mayer, supra; Bronson v. Schulten, supra; see Bouvier's Law Dictionary, Rawle's 3rd Revision, Vol. 1, p. 681. These cases also point out that what was formerly done by a writ coram nobis is now done by motion. There was no time limitation as to when the writ should be brought, and the cases where the writ was used were generally limited to facts as where one of the parties to the judgment had died before it was rendered, or was an infant, or was a married woman, and the like. New England Furniture & Carpet Co. v. Willcuts, D.C., 55 F.2d 983, 987.

Also, an original bill in equity would lie at any time to correct an inequitable judgment (fraud,—the main ground—accident or mistake) or decree of

---

[3] Before the adoption of the Federal Rules, a district court could not vacate or annul its final judgment after the term of court at which it was entered had expired, except in certain cases which will be discussed later. 1 Moore, Federal Practice, § 6.09, p. 415; 17 Hughes, Federal Practice, § 19372, p. 267; United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Bronson v. Schulten, 104 U.S. 410, 26 L.Ed. 797.

[4] "This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, * * *."

any court. United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; Dowagiac Mfg. Co. v. McSherry Mfg. Co., 6 Cir., 155 F. 524; 3 Moore, Federal Practice, § 60.03 p. 3266.

■ Rule 60(b) is taken from the California Code of Civil Procedure.[5] The only real change made is that the Federal Rules added the saving clause. And even though the California statute has no provision comparable to the saving clause of Rule 60(b), the California statute has been interpreted so that the courts have, in addition to the power to relieve parties from judgments on the ground stated in the act, a power to relieve a party from a judgment secured by fraud. The California courts have held that the six months' limitation period does not apply in such cases. Aldrich v. Aldrich, 203 Cal. 433, 264 P. 754; McKeever v. Superior Court, 85 Cal.App. 381, 259 P. 373. The same power should lie in the Federal courts; and it seems that if the saving clause in Rule 60(b) means anything at all by "actions", it must, at least, mean original actions as above set out. 3 Moore, Federal Practice, § 60.04, p. 3273, and see note 18. Thus, we suggest that the original bill in equity is preserved by the saving clause in Rule 60(b). Fiske v. Buder, 8 Cir., 125 F.2d 841, 844.

As to the bill of review, it has been stated that it is preserved by the saving clause of Rule 60(b) except as to the ground of newly discovered evidence. Rule 59. 18 Hughes, Federal Practice, §§ 25633–25636, pp. 448–451; Preveden v. Hahn, D.C., 36 F. Supp. 952; Central Hanover Bank & T. Co. v. Wardman Real Estate Properties, D.C., 31 F.Supp. 685, 688; cf. 3 Moore, Federal Practice, § 60.04, p. 3273 et seq., (§ 60.02, pp. 3264, 3265).

As seen, the old writs of error coram nobis, or coram vobis, have been replaced by the modern practice of proceeding by motion. New England Furniture & Carpet Co. v. Willcuts, supra, 55 F.2d page 987. Even though this is an ancillary proceeding, I regard it as an "action" within the meaning of the rule. The draftsmen of the rule cannot be regarded as thinking of every little nicety of language and by the use of the word "action" foreclose an ancillary remedy that so long existed. Cf. Moore, Federal Practice, Vol. 3, § 60.04, pp. 3273, 3274.

In Preveden v. Hahn, supra, the plaintiff's attorney signed a stipulation consenting to the dismissal of the action. The attorney had no authority to do this, and the plaintiff moved to vacate the order dismissing the action. The motion was brought more than six months after the order was made. The court, in granting plaintiff's motion to vacate, said, at page 953 of 36 F.Supp.:

"* * * An attorney has no right to settle his client's case nor to consent to a dismissal of it upon the merits which in effect is a release of the claim, without express authority from his client. * * * The order in question was therefore not valid. * * * It is apparent that plaintiff cannot obtain relief under this section. [Rule 60(b)], more than six months having expired between the time of the entry of the judgment and this application. But plaintiff is not denied any form of relief for Rule 60(b) does not deprive plaintiff of the remedies formerly available to him under prior practice. * * * This [the saving clause] reserves to the courts the inherent power to vacate orders or judgments improperly entered and preserves for litigants the old remedies of bill of review in equity and bill of error 'coram vobis' or 'coram nobis' at law. * * *"

The court goes on to say that the relief sought by the plaintiff is of the character recognized by the writ of coram vobis. It stated: "The judgment now sought to be vacated is a judgment of this court founded upon an error not in law but an error of fact not appearing on the face of the record nor put in issue, unknown at the time to the court and to the party seeking relief through no fault on the part of the court nor the aggrieved party, and is a judgment which would not have been entered had this fact been known". Cf. Gustav Reed v. South Atlantic Steamship Co., of Delaware, supra.

---

[5] Calif. Code Civ.Proc. (Deering, 1937) Sec. 473: "* * * Relief from judgment taken by mistake, etc. The court·may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief * * * must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken * * *."

The only question remaining is whether the plaintiff's motion is of the nature or character recognized by the old remedy which was available to him under the old practice and which is preserved by the saving clause of Rule 60(b). I think it is. It involves facts identical with those in the Preveden case and the motion is directed to a judgment based on an erroneous matter of fact which was material and upon it the judgment or order of the court was based. Also, there is a likelihood that plaintiff's motion might have been granted under the old practice in the form of an original bill in equity. Aside from fraud, the original action could be utilized to impeach a judgment for mistake. United States v. Beebe, 180 U.S. 343, 21 S.Ct. 371, 45 L.Ed. 563; Robb v. Vos, 155 U.S. 13, 15 S.Ct. 4, 39 L.Ed. 52; Perkins v. Hendryx, C.C., 149 F. 526.

That there was a mistake made is obvious. Plaintiff's suit was dismissed without his knowledge or authority. His counsel, who consented to the dismissal, had no authority to assent to it; he was mistaken in his belief he had authority. Justice requires that the mistake be rectified.

 An objection to granting this motion is that if a court assumes such power the body of Rule 60(b) loses much of its force and the express six months' limitation becomes meaningless. But is this so? As to proceedings in the nature of bills of review, since the bill of review for newly discovered evidence seems to be covered by Rule 59 and Rule 6(b) expressly denies a court power to enlarge the period for taking any action under Rule 59, a proceeding in the nature of a bill of review for newly discovered evidence will not be preserved by the saving clause in Rule 60(b). 3 Moore, Federal Practice, § 60.02, p. 3263, et seq. And since a bill of review for error apparent had to be filed within the time allowed for an appeal, the saving clause does not affect any similar proceeding.

Thus, proceedings in the nature of writs coram nobis, or coram vobis, and original bills are the only practices preserved by the saving clause in Rule 60(b). And since the grounds for granting such writs or bills are rather limited, the objection that Rule 60(b) becomes meaningless is met with considerable force.

 One other consideration. After writing the above memorandum, I have noticed this suit was commenced March 21, 1933. Why it has not been tried does not appear. I have applied the new rules. Cf. Rule 86, Federal Rules of Civil Procedure. If for any reason Rule 60(b)(1) does not afford relief by a writ coram nobis, under the circumstances the application of the new rules would work an injustice, and, as alternative relief, I allow the plaintiff's motion under his common-law rights.

The motion to vacate judgment is allowed and the case will be restored to the trial docket.