## UNITED STATES v. HAAS.

### SAME v. SIMON.

### Nos. 1225, 1215.

District Court, N. D. New York.

Dec. 21, 1944.

Irving J. Higbee, U. S. Atty., of Syracuse, N. Y., for plaintiffs.

Richard H. Collins, of Syracuse (Joseph L. Petrunick, of Syracuse, of counsel), for defendants.

BRYANT, District Judge.

Defendant, in each of above actions, has petitioned for permission to file a complaint in the nature of a bill of review. Permission is denied.

The actions were brought to cancel naturalization. After trial, in a consolidated action, judgments, based upon findings of fact and conclusions of law, cancelling naturalization were duly entered. United States v. Haas, D.C., 51 F.Supp. 910. Defendants did not appeal and the time for appeal has passed.

Both petitions are based upon the ground that, since the rendition and entry of the judgments, numerous decisions have been rendered relating to the principles involved in the instant causes which, had the decisions been rendered prior to entry of judgments and brought to the attention of the Court, would have caused the Court to have dismissed the bills of complaint.

■ The granting or refusing of permission cannot rest wholly within the discretion and conscience of the Court. The motions must be decided under the law governing the bringing of bills of review and bills in the nature of bills of review.

■ The parties to the contemplated actions are the same as the parties to the original causes. In each case, the purpose is the review of final judgment on grounds other than newly discovered evidence. The contemplated actions must be considered proposed bills for review. Whiting v. Bank of United States, 38 U.S. 6, 13, 10 L. Ed. 33. The filing of a bill of review, not based upon newly discovered evidence, is not dependent upon permission. If it were, permission would have to be denied for lack of jurisdiction. Zegura v. United States, 5 Cir., 104 F.2d 34; Gherwal v. United States, 9 Cir., 46 F.2d 998.

■ Defendants are not benefited if the contemplated actions are in the nature of bills of review. Such a bill constitutes

new and independent litigation. Peeke v. Citizens Banking Co., 6 Cir., 81 F.2d 112. Such an action cannot be brought against the United States without its permission. Zegura v. United States, supra.

Orders of denial may be presented.