## BARRECA v. PENNSYLVANIA R. CO.
### Civil Action No. 6476.

District Court, E. D. New York.
May 3, 1946.

Blank & Convisser, of Brooklyn, N. Y., (William A. Blank, of Brooklyn, N. Y., of counsel), for plaintiff.

Louis J. Carruthers, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is an action for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Plaintiff has made a motion under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order allowing the plaintiff a discovery and inspection of statements made by employees of defendant who witnessed plaintiff's accident, and a medical report of an examination of the plaintiff made by defendant's physician, also for an order allowing the plaintiff a discovery and inspection and the taking of photographs of the locomotive upon which the plaintiff was working at the time of the accident.

The defendant has no objection to the taking of photographs of the locomotive but does object to furnishing the plaintiff the statements of its employees and also the medical report. The defendant urges as a ground of objection that "it is likely that the plaintiff's attorney would use these statements in a cross-examination of the witnesses rather than taking their direct testimony. Deponent is not opposed to the taking of the depositions of the employees and is willing to produce these four employees at the Court for that purpose. It is further submitted that the plaintiff can without any difficulty take the deposition of Dr. Ruvane and does not need any discovery and inspection of his report to the defendant."

It would appear that the reason urged by the defendant in opposition, namely, that the statements may be used in cross-examining the witnesses, is an excellent reason for the plaintiff requesting these statements taken by the defendant. For the reasons stated in Dugger v. Baltimore & Ohio Railroad Company, D.C., 5 F.R.D. 334, decided herewith, this motion is granted.

Settle order on notice.

## UNITED STATES v. KUNZ.

District Court, S. D. New York.
May 28, 1946.

John F. X. McGohey, U. S. Atty., of New York City (John F. Ryan, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

David S. Kumble, of New York City, for defendant.

BRIGHT, District Judge.

Defendant by this motion seeks to vacate a judgment of denaturalization filed on June 1, 1943, and to dismiss the complaint. The action was commenced on July 7, 1942, to revoke defendant's certificate of citizenship, on the ground that he had perpetrated a fraud at the time he took his oath. He filed an answer, and at the time of the trial was represented by an attorney appointed by this court. His case was tried with that of nineteen others, my opinion in the matter being reported in United States v. Kuhn, D.C., 49 F.Supp. 407. Defendant did not appeal from the judgment, and his time so to do has long since expired. Appeals were taken by four of the other defendants—Sotzek, Von Holt, Koehler and Wunschel—and the judgments against them were reversed (United States v. Sotzek, 2 Cir., 144 F.2d 576), the Circuit Court of Appeals citing the cases of Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796 and Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 1525, both decided after my decision.

Defendant's motion papers state that at the time of the trial and until July 15, 1945, he was in the custody of the United States after conviction of a conspiracy to interfere with the Selective Service Law, 50 U.S.C.A.Appendix, § 301 et seq. His conviction along with that of others was reversed by the Supreme Court on June 11, 1945. Keegan v. United States, 325 U.S.

478, 65 S.Ct. 1203, 89 L.Ed. 1745. On July 15, 1945, after that reversal, he was released from a penal institution, and has since been in the custody of the immigration and naturalization authorities. For these reasons, he alleges that he was not able to take the appeal and has been delayed in making the present motion.

■ After the judgment was entered, defendant had three remedies to review his denaturalization—(1) by appeal, (2) by motion under Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and (3) by a bill of review. As stated, his time to appeal has long since expired. Were this application made under Rule 60, it could not be granted because six months have elapsed since the judgment was entered. Wallace v. United States, 2 Cir., 142 F.2d 240; McGinn v. United States, D.C., 2 F.R.D. 562–564.

Accordingly, defendant seeks by his present petition to accomplish what he might have obtained had he taken an appeal. He contends that this application is in the nature of a bill of review; that the judgment of denaturalization against him was based upon error apparent in the record of the pleadings and findings of fact, and that upon its face the complaint is insufficient in law; that inasmuch as this motion is in the nature of a bill of review, it is not necessary that it should be filed within the time allowed for the taking of an appeal, and that he is only required to show diligence and lack of laches, which he claims he has done. He further claims that because of the decision of the Supreme Court in the Baumgartner case and of the Circuit Court of Appeals in the Sotzek case, the judgment against him shows error on its face, and that it was based upon a mistake of law and should be set aside.

■ The motion is obviously not one in the nature of a bill of review. If anything, it is a bill of review. The distinction between the two fundamentally is that as this petition is brought by one of the original parties to the judgment sought to be vacated, it is a bill of review; a bill in the nature of a bill of review is permitted by one not a party to the original action and usually is a remedy indulged in before the decree or judgment is enrolled. Whiting v. Bank of United States, 13 Pet. 6–13, 38 U.S. 6–13, 10 L.Ed. 33; 3 Moore Federal Practice at page 3258.

It has been held that this court has no jurisdiction to entertain a bill of review against the United States because it is in effect a new suit and consent by the Government thereto is not shown. Zegura v. United States, 5 Cir., 104 F.2d 34, certiorari denied 308 U.S. 586, 60 S.Ct. 109, 84 L.Ed 490; Gherwal v. United States, 9 Cir., 46 F.2d 998; and United States v. Haas, D.C., 58 F.Supp. 179. It is said that the cases of Bush v. United States, C.C.Or., 13 F. 625, Jones v. Watts, 5 Cir., 142 F.2d 575, Wallace v. United States, 2 Cir., 142 F.2d 240, and McGinn v. United States, D.C., 2 F.R.D. 562, are to the contrary.

■ This petition, however, is a motion in the original action. It is not a new action. And counsel for the Government admits in his brief that the court has jurisdiction to consider the application; that under the Wallace case, supra, which construed the sentence in Rule 60, stating that the Rule does not limit the power of a court to entertain an action to relieve a party from a judgment, the defendant is not limited to a separate action but may seek a bill of review, which proceeding is not independent of but is ancillary to the main suit. To much the same effect are the cases of Bush v. United States, Jones v. Watts and McGinn v. United States, supra. This motion may well be treated as a bill of review. Central Hanover Bank & Trust Co. v. Wardman Real Estate Properties, D.C., 31 F.Supp. 685, 686.

■ But it is apparently well settled that a bill of review based upon error apparent on the face of the record cannot be brought after the time to appeal has expired. Ensminger v. Powers, 108 U.S. 292–302, 2 S.Ct. 643, 27 L.Ed. 732; Central Trust Co. v. Grant Locomotive Works, 135 U.S. 207–227, 10 S.Ct. 736, 34 L.Ed. 97; Taylor v. Easton, 180 F. 363–368; Hagerott v. Adams, 8 Cir., 61 F.2d 35, 36, certiorari denied 288 U.S. 599, 53 S.Ct. 317, 77 L.Ed. 975; 3 Moore Federal Practice, p. 3261.

■ But assuming that I am in error in this, it is equally well settled, I believe,

that a bill of review does not lie to correct a change in the authoritative rule of law, resulting from a decision of the Supreme Court of the United States subsequent to the former decree; such change neither demonstrates an error of law apparent on the face of the record nor constitutes new matter in pais justifying a review. Scotten v. Littlefield, 235 U.S. 407–411, 35 S.Ct. 125, 59 L.Ed. 289; Simmons Co. v. Grier Bros. Co., 258 U.S. 82–88, 42 S.Ct. 196, 66 L.Ed. 475; The Frederick der Grosse, D.C., 37 F.2d 354, 355.

Motion is, therefore, denied.