TAYLOR et ux. v. YELLOW CAB CO. OF D. C., Inc., et al.

No. 504.

Municipal Court of Appeals for the District of Columbia.

June 18, 1947.

Rolland G. Lamensdorf, of Washington, D. C. (Alvin L. Newmyer and David G. Bress, both of Washington, D. C., on the brief), for appellants.

Alfred M. Schwartz, of Washington, D. C. (Samuel A. Friedman, Donald M. Sullivan and John D. Fitzgerald, all of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This case involves important questions affecting the jurisdiction of and procedure in the Municipal Court.

The action is one for damages growing out of an automobile accident. The jurisdictional question arises by reason of the fact that plaintiffs, who are husband and wife and who were both passengers in a taxicab involved in the collision, commenced the suit by filing one complaint in which the husband claimed $2,500 for pain and suffering, medical expenses and loss of earnings on account of his own injuries, and $500 for medical expenses for his wife, loss of services and consortium, or a total of $3,000. The wife herself demanded judgment for $3,000 on account of her own pain and suffering. Thus the total amount claimed in the complaint against the two defendants was $6,000.

■ In the trial court one of the defendants, but not the other, filed a motion to dismiss the complaint on the ground that the Municipal Court had no jurisdiction because the total claimed amounted to $6,000, whereas the court's jurisdiction is limited to $3,000. Such motion was never acted on by the trial court for reasons which will appear hereinafter. The jurisdictional question was not argued on appeal until after it had been raised by us during oral argument. We deal with the subject, however, first because it is our duty to notice an excess of jurisdiction, if it appears,[1] and second because the question of the jurisdiction of the Municipal Court under such circumstances is a novel one.

The applicable statute, D.C.Code 1940 (Supp. V), 11-755(a) as amended, provides: "The Municipal Court * * * shall have exclusive jurisdiction of civil actions, including counterclaims and cross-claims, in which the claimed value of personal property or the debt or damages claimed, exclusive of interest, attorneys' fees, protest fees, and costs, does not exceed the sum of $3,000."

Prior to the reorganization of the Municipal Court in 1942, the Congress had authorized the United States Supreme Court to adopt rules of civil procedure for United States district courts[2] and such rules were duly adopted in 1938. Under the terms of the Municipal Court Act, D.C.

Code 1940 (Supp. V), 11-756(b), it was provided that the court "shall have the power and is hereby directed to prescribe, by rules, the forms of process, writs, pleadings and motions, and practice and procedure in such court, to provide for the efficient administration of justice, and the same shall conform as nearly as may be practicable to the forms, practice, and procedure now obtaining under the Federal Rules of Civil Procedure." Such rules were adopted by the Municipal Court effective October 2, 1944.

Rule 20(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, under the heading "Permissive Joinder," provides that "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * * Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities." Rule 82 of the Federal Rules of Civil Procedure, under the heading "Jurisdiction and Venue Unaffected," provides that "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

The Municipal Court rules contain no rule equivalent to rule 82 of the rules of federal procedure. Rule 20(a) of the Municipal Court rules, under the heading "Permissive Joinder," provides "All persons may join in one action as plaintiffs *if the total amount claimed therein does not exceed the jurisdiction of the Court* * * *." (Italics supplied.) The remainder of the rule is identical with 20(a) of the Federal Rules.

Were it not for the words "if the total amount claimed therein does not exceed the jurisdiction of the Court" contained in the Municipal Court rule, it is entirely clear under the circumstances here present

---

[1] 1425 F Street Corp. v. Jardin, D.C. Mun.App., 53 A.2d 278.

[2] 28 U.S.C.A. § 723b.

that the joinder of two separate claims of $3,000 or less by separate plaintiffs in one action would be exclusively within the jurisdiction of the Municipal Court. This is true for two principal reasons. First, because there are only two courts in the District of Columbia with jurisdiction to try civil cases, the United States District Court and the Municipal Court. It is the rule in the federal courts that "when several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be added together to satisfy jurisdictional requirements."[3] If this action had been filed originally in the District Court, it would have been subject to the Federal Rules of Civil Procedure, and we assume the District Court would have rejected jurisdiction. That would leave the Municipal Court as the only forum for trial of the case.

■ Furthermore, the best reasoned decisions hold that where there are separate or several as distinguished from joint causes of action, each for a sum within the jurisdiction of a court, they may be joined in one action even though the aggregate claims exceed the jurisdictional amount.[4]

■ We believe this principle applies in spite of the words "if the total amount claimed therein does not exceed the jurisdiction of the Court" appearing in Municipal Court rule 20(a), for it seems to us that this attempted proviso is invalid. In promulgating rule 20(a) the Municipal Court was not exercising its discretion, with full freedom to make such rule as it saw fit; it was acting under a Congressional mandate. Congress had directed the

court to prescribe rules which should "conform as nearly as may be practicable" to the federal rules. Federal rule 20(a) permitting joinder of parties, is an important feature of those rules and the Municipal Court could not, and did not, ignore this rule. It adopted Federal Rule 20(a) almost verbatim, showing plainly its intention to afford litigants the benefits of that rule, but added a proviso which would result in denying certain litigants the benefit of the rule. Thus, in the instant case, where husband and wife each claimed $3,000, the rule would deny the right of joinder and yet permit joinder if each had claimed only $1,500 or less. No valid reason for such an attempted discrimination exists. Since the court has jurisdiction of claims not exceeding $3,000, and as we have pointed out in joinder of separate and distinct claims jurisdiction rests on the amount of the *separate* claims and *not their total*, the proviso of rule 20(a) is in effect an attempt to limit the jurisdiction of the court. That, of course, cannot be done. In our opinion the provision of rule 20(a) "if the total amount claimed therein does not exceed the jurisdiction of the Court" is invalid and should be ignored.[5] We conclude, therefore, that each of these claims being within the jurisdiction of the Municipal Court, they were properly joined and that the suit was within the jurisdiction of the court.

The second point arising on this appeal is one of procedure. The order now under review was entered in an action numbered A-19696 filed January 4, 1945. Such suit will be referred to hereinafter as the first action. After the corporate defendant had answered and the individual defendant had filed a motion to dismiss for lack of jurisdiction, the case was continued to February

[3] Clark v. Paul Gray, Inc., 306 U.S. 583, 589, 59 S.Ct. 744, 748, 83 L.Ed. 1001.

[4] Navarro v. Martin, 38 A.2d 691, 22 N.J.Misc. 291; Spetler v. Jogel Realty Co., 224 App.Div. 612, 231 N.Y.S. 517; Vigil v. Cayuga Const. Corp., 185 Misc. 675, 54 N.Y.S.2d 94, affirmed 185 Misc. 680, 55 N.Y.S.2d 909; Colla v. Carmichael U-Drive Autos, Inc., 111 Cal.App.Supp. 784, 294 P. 378; Long v. City of Wichita Falls, 142 Tex. 202, 176 S.W.2d 936; Schaap v. State Nat. Bank of Texarkana,

137 Ark. 251, 208 S.W. 309; Johnson v. Cooke, 85 Conn. 679, 84 A. 97, Ann.Cas. 1913C, 275; see also Lansburgh & Bro., Inc., v. Clark, 75 U.S.App.D.C. 339, 127 F.2d 331.

[5] It is believed appropriate to state that the writer of this opinion, formerly an associate judge of the Municipal Court, was chairman of the committee of judges which prepared the rules in cooperation with committees of Bar Association members.

21, 1945. On that day with all parties and their counsel present, a dispute arose between plaintiffs and their counsel, as a result of which counsel considered themselves dismissed from the case, although no formal withdrawal was entered. The case was then continued until March 7, 1945. On that date neither plaintiffs nor their counsel were in court. Action was taken, which was recorded in the minutes of the court as follows: "Defendants' (both) oral motion to dismiss for want of prosecution granted. Plaintiff or his counsel not appearing."

Two months after the dismissal of the first action in the Municipal Court another case, which will be referred to hereinafter as the second action, was filed in the United States District Court for the District of Columbia. The second action was between the same parties, was based upon the same automobile accident, and was filed by the same counsel who had appeared in the first action. (They had been reemployed.) In it the husband claimed damages in the amount of $7,500, and the wife claimed damages in the amount of $10,000. After answers had been filed in the District Court by both defendants, one of the justices of the District Court in January 1946 transferred the case to the Municipal Court under authority of D.C. Code 1940 (Supp. V), 11-756(a) authorizing such transfer for trial if it appears to the satisfaction of the District Court that the action "will not justify a judgment in excess of $1,000." Following such transfer there was made for the first time the defense of res judicata because of the dismissal of the first action. The second action has been held in abeyance pending the outcome of this appeal in the first action.

The order here appealed from, dated March 6, 1947, was an order made by the same judge who ordered the dismissal.[6] The motion overruled was one "to clarify" the court's order of dismissal entered two years previously. In the memorandum of points and authorities submitted by appellants in support of the motion, it was urged that the original order of dismissal be reworded so as to provide that the action was dismissed "without prejudice." The purpose obviously was to avoid the defense of res judicata raised in the second action. It was contended that the trial court had intended to dismiss the action without prejudice, and since the entry did not show such fact it represented a clerical mistake which was, therefore, subject to correction at any time in accordance with Municipal Court rule 53(a). At the hearing on the motion the trial court stated that it had no recollection of what had transpired at the time of the original entry; no other evidence was offered. The motion was then overruled.

■ While this appeal is taken solely from the order of the trial court refusing to "clarify" its previous order, counsel have argued various alleged errors in the granting of the original motion to dismiss and have also argued whether an order dismissing an action for lack of prosecution is res judicata of another suit based upon the same cause of action. Those points, however, are not open for consideration on this appeal. There was no appeal from the order of dismissal, and the time for such appeal has long since passed. The sole question for consideration now is whether the entry of the order dismissing the action for lack of prosecution constituted a clerical mistake which should have been corrected by the trial court. It seems entirely clear that no such clerical mistake was made because the entry represented exactly what was originally ordered by the trial court, namely, that the action was dismissed for lack of prosecution. There was no evidence that the court intended to add the words "without prejudice." The argument is rather that such words should have been added. Even if error was committed therefore (a question not now before us), it constituted judicial error rather than clerical error. We are forced to the conclusion that the trial court was correct in overruling the motion to clarify.[7]

■ If the trial court committed a judi-

---

[6] The parties agreed the motion should be heard by the same judge. See Downey v. United States, 67 App.D.C. 192, 91 F.2d 223.

[7] American Nat. Bank & Trust Co. v. United States, 79 U.S.App.D.C. 62, 142 F.2d 571; Municipal Court rule 53; Federal Rules of Civil Procedure, rule 60;

cial error in dismissing the action for lack of prosecution or in not specifying that the dismissal was without prejudice, then plaintiff's remedy was either to appeal from such order or to move in the trial court to set it aside.[8]

Furthermore, whether the dismissal of the first action is res judicata of the second is not before us at this time but is open for consideration upon the trial of the second action.[9]

No error appearing in the order appealed from, such order is

Affirmed.

---

Milwaukee Electric Crane Mfg. Corp. v. Feil Mfg. Co., 201 Wis. 494, 230 N.W. 667.

[8] See Municipal Court rule 53(b); Reed v. South Atlantic Steamship Co., D.C.D. Del., 2 F.R.D. 475; Cavallo v. Agwilines, Inc., D.C., S.D. N.Y., 2 F.R.D. 526; Mc-

Ginn v. United States, D.C., D.Mass., 2 F.R.D. 562.

[9] See American Nat. Bank & Trust Co v. United States, supra; Pueblo de Taos v. Archuleta, 10 Cir., 64 F.2d 807; Wisdom v. Texas Co., D.C., N.D.Ala., 27 F. Supp. 992.